UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SEYED MOHSEN HOSSEINI-SEDEHY, )
)
Plaintiff, )
)
v. )
)
ERIN T. WITHINGTON )   Civil Action No.
and CITY OF BOSTON, )
)
Defendants. )
)

04 11948 RGS

RECEIPT #
AMOUNT $ 150
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 9/7/04

**COMPLAINT AND JURY DEMAND**

*PARTIES*

1. Seyed Mohsen Hosseini-Sedehy ("Plaintiff") is an individual, who resides at 106 13th Street, Charlestown, Massachusetts.

2. Defendant Erin T. Withington, also known as, Erin T. Schroeder, is an individual, who resides at 25 Beaufield Street, Dorchester, Massachusetts. Defendant Withington is employed by the City of Boston as a police officer.

3. Defendant City of Boston ("Defendant City of Boston") is a city located in Suffolk County, Massachusetts.

*JURISDICTION*

4. The Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. § 1331 because this civil action arises under the Constitution of the United States and 42 U.S.C. § 1983.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) because both defendants reside in this judicial district and the events giving rise to this civil action occurred in this judicial district.

## *FACTUAL ALLEGATIONS*

6. The Plaintiff was born in Iran. He received a bachelors of science degree from the University of Iowa in 1984 and his masters degree in applied math from the University of Iowa in 1986.

7. The Plaintiff is married with a son. The Plaintiff became a United States citizen in 1992.

8. The Plaintiff has been employed by GES Exposition Services ("GES") since 1991. GES performs general contractor services for conventions and trade shows.

9. GES hired members from the local Teamsters union to perform labor for conventions and trade shows in Boston. Since 2002, the Plaintiff has supervised the Teamsters employed by GES in Boston.

10. In 2002, Joseph Bavis was a Teamster occasionally employed by GES. In late 2002, Bavis claimed a physical disability preventing him from working and collected disability payments from the Teamsters.

11. After Bavis exhausted his disability benefits from the Teamsters, he sought to return to work for GES. When GES refused to employ Bavis in July 2003, Bavis initiated a labor dispute against GES and the Teamsters. GES refused to employ Bavis until late February 2004.

12. In retaliation for his labor dispute with GES, Bavis made a false report of sexual assault against the Plaintiff to Defendant Withington in her capacity as a Boston police officer.

13. Although Bavis did not work for GES at any time in 2003, Bavis told Defendant Withington the Plaintiff sexually assaulted him while Bavis was at work for GES in 2003. Bavis gave Defendant Withington contradicting dates in 2003 for the false sexual assault allegation.

14. Defendant Withington knew, should have known, or acted in reckless disregard of the fact that Bavis's allegations against the Plaintiff were false.

15. On March 22, 2004, Defendant Withington, in her capacity as a Boston police officer, provided information that she knew was false, should have known was false, or presented in reckless disregard of the truth to a clerk magistrate at the Boston Municipal Court in an effort to obtain a criminal complaint against the Plaintiff and an arrest warrant for the Plaintiff.

16. Based upon the false information provided by Defendant Withington, the clerk magistrate of the Boston Municipal Court granted Defendant Withington's request for a criminal complaint against the Plaintiff and an arrest warrant for the Plaintiff.

17. On March 22, 2004, Defendant Withington, in her capacity as a Boston police officer, falsely arrested and detained the Plaintiff while the Plaintiff was at work for GES at the Hynes Convention Center.

18. On June 14, 2004 the Suffolk County District Attorney filed a nolle prosequi with respect to Defendant Withington's criminal complaint against the Plaintiff.

19. As a result of Defendant Withington's false arrest and the detention of the Plaintiff, the Plaintiff has suffered damages.

## COUNT I
*Defendant Withington's Violation of the Plaintiff's Civil Rights*

20. The Plaintiff repeats his allegations and incorporates herein by reference paragraphs 1-19.

21. The Plaintiff had a right to be free from an unreasonable seizure protected by the United States Constitution.

22. On March 22, 2004, the Plaintiff was deprived of his right to be free from an unreasonable seizure.

23. The Plaintiff was deprived of his right to be free from an unreasonable seizure by the reckless or intentional conduct of Defendant Withington acting under the color of law.

24. As a result of Defendant Withington's actions depriving him of his right to be free from an unreasonable seizure, the Plaintiff has suffered damages.

## COUNT II
*Defendant City of Boston's Violation of the Plaintiff's Civil Rights for Failure to Train Defendant Withington Properly*

25. The Plaintiff repeats his allegations and incorporates herein by reference paragraphs 1-24.

26. Defendant City of Boston failed to train properly Defendant Withington as a police officer employed by Defendant City of Boston.

27. Defendant City of Boston's failure to train properly Defendant Withington as a police officer was the product of Defendant City of Boston's deliberate indifference to the federal constitutional rights of its citizens.

28. Defendant City of Boston's failure to train properly Defendant Withington as a police officer was Defendant City of Boston's policy or custom.

29. Defendant City of Boston's failure to train properly Defendant Withington as a police officer caused the Plaintiff's damages.

*COUNT III*
*Defendant City of Boston's Violation of the Plaintiff's Civil Rights*
*for Failure to Supervise Defendant Withington Properly*

30. The Plaintiff repeats his allegations and incorporates herein by reference paragraphs 1-29.

31. Defendant City of Boston failed to supervise properly Defendant Withington as a police officer employed by Defendant City of Boston.

32. Defendant City of Boston's failure to supervise properly Defendant Withington as a police officer was the product of Defendant City of Boston's deliberate indifference to the federal constitutional rights of its citizens.

33. Defendant City of Boston's failure to supervise properly Defendant Withington as a police officer was Defendant City of Boston's policy or custom.

34. Defendant City of Boston's failure to supervise properly Defendant Withington as a police officer caused the Plaintiff's damages.

**REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff requests that the court:

a) Enter judgment against Defendant Withington on all counts of this Complaint;

b) Enter judgment against Defendant City of Boston on all counts of this Complaint;

c) Award the Plaintiff his actual damages caused by Defendant Withington;

d) Award the Plaintiff his actual damages caused by Defendant City of Boston;

e) Award the Plaintiff all appropriate costs, expenses, attorneys' fees and interest authorized by law; and

f) Award the Plaintiff such other relief deemed just and appropriate.

## JURY TRIAL DEMAND

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
Seyed Mohsen Hosseini-Sedehy
By his attorneys,

_____
Christopher A. Duggan
BBO # 544150
Gerard A. Butler, Jr.
BBO # 557176
Smith & Duggan LLP
Lincoln North
55 Old Bedford Road
Lincoln, MA 01773-1125
(617) 228-4400

Date: September 2, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Seyed Mohsen Hosseini-Sedehy v. Erin T. Withington and City of Boston__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   __ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
         740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   __ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   __ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
         690, 810, 861-865, 870, 871, 875, 900.            04  11948  RGS

   __ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                YES        (NO)

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

                                                                YES        (NO)

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                YES         NO

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                YES        (NO)

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                               (YES)        NO

   A. If yes, in which division do all of the non-governmental parties reside?

      (Eastern Division)         Central Division          Western Division

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division          Central Division          Western Division

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

                                                                YES         NO

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ___Christopher A. Duggan___
ADDRESS ___Smith & Duggan LLP, Lincoln North, 55 Old Bedford Road, Lincoln, MA 01773___
TELEPHONE NO. ___617-228-4400___

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Seyed Mohsen Hosseini-Sedehy

### DEFENDANTS
Erin T. Withington
City of Boston

(b) County of Residence of First Listed Plaintiff __Suffolk__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed __Suffolk__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Christopher A. Duggan
Smith & Duggan LLP
Lincoln North, 55 Old Bedford Road
Lincoln, MA 01773    Tel. 617-228-4400

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. § 1983  The Plaintiff was falsely arrested and deprived of his right to be free from an unreasonable seizure

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: September 2, 2004

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____