UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11948-RGS

SEYED MOHSEN HOSSEINE -
SEDEHY,
    Plaintiff

v.

ERIN T. WITHINGTON
and THE CITY OF BOSTON,
    Defendants

### DEFENDANT ERIN T. WITHINGTON'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES AND JURY DEMAND

Now comes the Defendant Erin Withington ("Defendant Withington") and answers the Plaintiff's Complaint as follows:

### PARTIES

1. Defendant Withington alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph one of the Complaint, and therefore neither admits nor denies said allegations.

2. Defendant Withington denies the allegations contained in sentence one of paragraph two of the Plaintiff's Complaint. Answering further, Defendant Withington admits the allegations contained in sentence two of paragraph two of the Plaintiff's Complaint.

3. Defendant Withington admits paragraph three of the Plaintiff's Complaint.

### JURISDICTION

4. Defendant Withington states that paragraph four contains the Plaintiff's statement of jurisdiction, and therefore requires no response.

5. Defendant Withington states that paragraph five contains the Plaintiff's statement of jurisdiction, and therefore requires no response.

### FACTUAL ALLEGATIONS

6. Defendant Withington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph six of the Complaint and therefore neither admits nor denies said allegations.

7. Defendant Withington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seven of the Complaint and therefore neither admits nor denies said allegations.

8. Defendant Withington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in sentence one of paragraph eight of the Complaint and therefore neither admits nor denies said allegations. Answering further, Defendant Withington admits sentence two of paragraph eight of the Complaint.

9. Defendant Withington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nine of the Complaint and therefore neither admits nor denies said allegations.

10. Defendant Withington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ten of the Complaint and therefore neither admits nor denies said allegations.

11. Defendant Withington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nine of the Complaint and therefore neither admits nor denies said allegations.

12. Defendant Withington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twelve of the Complaint and therefore neither admits nor denies said allegations.

13. Defendant Withington admits that Bavis told her the Plaintiff had sexually assaulted him while Bavis was at work in 2003. Answering further, Defendant Withington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirteen of the Complaint and therefore neither admits nor denies said allegations.

14. Defendant Withington denies the allegations contained in paragraph fourteen of the Complaint.

15. Defendant Withington denies the allegations contained in paragraph fifteen of the Complaint.

16. Defendant Withington admits that Defendant Withington's request for a criminal complaint against the Plaintiff was granted, and an arrest warrant issued for the Plaintiff. Answering further, Defendant Withington denies that the clerk granted Withington's request based upon false information provided by Withington.

17. Defendant Withington denies the allegations contained in paragraph seventeen of the Complaint.

18. Defendant Withington admits that a nolle prosequi was filed by the District Attorney with respect to criminal complaint against the Plaintiff.  Answering further, Defendant Withington is without knowledge or information as to the date of the filing, and therefore neither admits nor denies said allegation.

19. Defendant Withington does not answer paragraph nineteen of the Complaint, as it contains a conclusion of law to which no response is required.  To the extent that paragraph nineteen alleges any claim against Defendant Withington, it is denied.

## COUNT I
*Defendant Withington's Violation Of The Plaintiff's Civil Rights*

20. Defendant Withington realleges and incorporates its answers to paragraphs one through nineteen of the Plaintiff's Complaint as though fully set forth herein.

21. Defendant Withington admits the allegations contained in paragraph twenty-one of the Complaint.

22. Defendant Withington denies the allegations contained in paragraph twenty-two of the Complaint.

23. Defendant Withington denies the allegations contained in paragraph twenty-three of the Complaint.

24. Defendant Withington does not answer paragraph twenty-four of the Complaint, as it contains a conclusion of law to which no response is required.  To the extent that paragraph nineteen alleges any claim against Defendant Withington, it is denied.

## COUNT II
*Defendant City of Boston's Violation of The Plaintiff's Civil Rights for*
*Failure to Train Defendant Withington Properly*

25. Defendant Withington realleges and incorporates its Answers to paragraphs one through twenty-four of the Plaintiff's Complaint as though fully set forth herein.

Defendant Withington does not answer the allegations contained in paragraphs twenty-six through twenty-nine of the Complaint, as said allegations are not directed against Defendant Withington.

## COUNT III
*Defendant City of Boston's Violation of the Plaintiff's Civil Rights*
*for Failure to Supervise Defendant Withington Properly*

30. Defendant Withington realleges and incorporates its Answers to paragraphs one through twenty-nine of the Plaintiff's Complaint as though fully set forth herein.

Defendant Withington does not answer the allegations contained in paragraphs thirty-one through thirty-four of the Complaint, as said allegations are not directed against Defendant Withington.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

Defendant Withington states that the Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### *Second Affirmative Defense*

Defendant Withington states that the injury or damages alleged in Plaintiff's Complaint was neither caused nor proximately caused by Defendant Withington.

### *Third Affirmative Defense*

By way of an affirmative defense, Defendant Withington states that she is entitled to qualified immunity.

### *Fourth Affirmative Defense*

At all times pertinent to this action, Defendant Withington has acted in good faith and belief that her actions were in accordance with the laws of the Commonwealth of Massachusetts and the United States of America.

### *Fifth Affirmative Defense*

Any injury or deprivation suffered by the Plaintiff was caused in part or in whole by the actions of persons or entities over whom Defendant Withington has no control and for whom Defendant Withington is not responsible.

### *Sixth Affirmative Defense*

Defendant Withington states that Plaintiff's injuries, if any, were proximately caused by his own intentional conduct and not by the conduct of Defendant Withington.

### *Seventh Affirmative Defense*

Defendant Withington states that she acted upon probable cause, based upon reasonable grounds that the circumstances justified her conduct.

*Eighth Affirmative Defense*

Defendant Withington answering states that the Plaintiff has not been deprived of any rights secured by either the Constitution or the laws of the United States or Commonwealth of Massachusetts.

*Wherefore*, the Defendant Withington requests this Court to dismiss this action and whatever such other relief as it deems appropriate.

## JURY CLAIM

The Defendant demands a trial by jury on all claims.

Respectfully submitted,

DEFENDANT, ERIN T. WITHINGTON,
By her attorney:

/s/ Amy E. Ambarik
Amy E. Ambarik, BBO# 637348
Assistant Corporation Counsel
Withington Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4099