UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SEYED MOHSEN HOSSEINI-SEDEHY ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ERIN T. WITHINGTON ) <br> Defendant. ) <br> ) | Civil Action No. 04-11948-RGS |

**MEMORANDUM OF LAW IN SUPPORT OF THE
SUFFOLK DISTRICT ATTORNEY'S OFFICE
<u>MOTION TO QUASH THE SUBPOENA</u>**

This memorandum of law is submitted by the Suffolk District Attorney's Office, through counsel, in support of its motion to quash the deposition subpoena issued by the plaintiff's counsel in the above-entitled case. As argued in this memorandum, the subpoena should be quashed where it requires disclosure of privileged or other protected matter and no exception or waiver applies. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii). In addition, some of the material sought is already in the plaintiff's possession. In the alternative, the Suffolk District Attorney's Office requests this Court to enter an appropriate protective order in its behalf.

<u>**BACKGROUND**</u>

The plaintiff, Seyed Mohsen Hosseini-Sedehy, was charged with a crime in Boston Municipal Court. *See* Schedule A, attached to Subpoena. On or about May 8, 2005, the plaintiff, through counsel, subpoenaed the Keeper of the Records for the Suffolk District Attorney's Office, to appear for a deposition and to produce (1) all notes, memoranda, logs and records concerning the matter of *Commonwealth v. Mohsen Hosseni*, Boston Municipal Court Docket No. 0401CR001774; (2) all police reports provided by the Boston Police Department

concerning the arrest of Mohsen Hosseini-Sedehy and booked under the name Mohsen Hosseni on March 22, 2004; (3) all police reports provided by the Boston Police Department concerning the investigation into allegations made by Joseph Bavis against Mohsen Hosseini-Sedehy that resulted in the arrest Mohsen Hosseini-Sedehy on March 22, 2004; (4) all notes and memoranda concerning the investigation, arrest, and prosecution of Mohson Hosseini-Sedehy concerning Boston Municipal Court Docket No. 0401CR001774; and (5) all correspondence, including but not limited to facsimile cover sheets, provided to the Suffolk District Attorney's office concerning the investigation into allegations against Mohsen Hosseini-Sedehy that provided the basis for the Boston Municipal Court Docket No. 0401CR001774.

Documents contained in the District Attorney's file which are responsive to the subpoena include correspondence between the plaintiff's attorney in the criminal case and the district attorney's office, documents filed in court and drafts thereof, a police report, memoranda to file, a victim/witness sheet, inter-office e-mails, notices of court appearances, request forms, and an assistant district attorney's notes.

## ARGUMENT

**THIS COURT SHOULD QUASH THE SUBPOENA OF THE KEEPER OF THE RECORDS COMPLETELY INASMUCH AS IT REQUIRES THE SUFFOLK DISTRICT ATTORNEY'S OFFICE TO TURN OVER MATERIALS THAT ARE PRIVILEGED OR EXEMPT FROM DISCLOSURE.**

Under the Federal Rules of Civil Procedure, the scope of examination of documents, and the scope of matters a witness may be inquired of, is expressly limited, and a subpoena shall be quashed to the extent it "requires disclosure of privileged or otherwise protected matter." Fed. R. Civ. P. 45(c)(3)(A)(iii). The subpoena seeks the production of documents that are privileged and, therefore, should not be enforced. Specifically, the documents are protected by the

investigative privilege and work product privilege, they are not public records and the District Attorney is prohibited by law from disclosing them. *See, e.g.,* M.G.L. c. 256, §24C; M.G.L. c. 41, § 97D.

### A.   Investigatory Materials

The district attorney's records are privileged where they constitute criminal investigatory documents compiled by law enforcement personnel. The public interest in maintaining the confidentiality of documents that would tend to reveal law enforcement investigative techniques or sources is well established. *See United States v. Cintolo*, 818 F.2d 980, 1002 (1st Cir.), *cert. denied*, 484 U. S. 913 (1987); *Association for Reduction of Violence v. Hall*, 734 F.2d 63, 65-66 (1st Cir. 1984); *Black v. Sheraton Corp. of America*, 564 F.2d 531, 545-546 (D.C. Cir. 1977) (and cases cited therein).

This federal privilege is properly applied in this case, *see In re Hampers*, 651 F.2d 18, 22 (1st Cir. 1981); *N.O. v. Callahan*, 110 F.R.D. 637, 642-43 (D. Mass. 1986), where Massachusetts recognizes a virtually identical privilege. *See* G. L. c. 4, § 7, cl. Twenty-Sixth, Exemption (f). *See WBZ-TV4 v. District Attorney for the Suffolk District*, 408 Mass. 595, 603, 562 N.E.2d 817 (1990); *Bougas v. Chief of Police of Lexington*, 371 Mass. 59, 62-63, 354 N.E.2d 872 (1976). Exemption (f) recognizes that the disclosure of certain investigatory materials "could so detract from effective law enforcement to such a degree as to operate in derogation, and not in support of, the public interest." *Bougas v. Chief of Police of Lexington*, 371 Mass. at 61-62, 354 N.E.2d at 877. The exemption is intended, *inter alia*, to prevent disclosure of confidential investigative techniques, procedures or sources of information, and to encourage private citizens to "come forward and speak freely with police concerning matters under investigation." *Id*. at 62, 354

N.E.2d 872.  *See Globe Newspaper Company v. Police Commissioner of Boston*, 419 Mass. 852, 858-859, 648 N.E.2d 419 (1995); *District Attorney for the Norfolk District v. Flatley*, 419 Mass. 507, 510, 646 N.E.2d 127 (1995); *WBZ-TV4 v. District Attorney for the Suffolk District*, 408 Mass. at 603, 562 N.E.2d 817.  If information provided by the public to the District Attorney becomes subject to public disclosure in collateral civil proceedings then members of the public will be discouraged from providing the information to law enforcement in the first place for fear of becoming involved in later civil proceedings.  *Bougas v. Chief of Police of Lexington*, 371 Mass. at 61-62, 354 N.E.2d at 877.

This privilege applies equally to concluded investigations as it does to ongoing investigations.  *See Black*, 564 F.2d at 546; *Bougas*, 371 Mass. at 63, 354 N.E.2d at 877.

> It is clear that if investigatory files were made public subsequent to the termination of enforcement proceedings, the ability of any investigatory body to conduct future investigations would be seriously impaired.  Few persons would respond candidly to investigators if they feared that their remarks would become public record after the proceedings.  Further, the investigative techniques of the investigating body would be disclosed to the general public.

*Black*, 564 F.2d at 546 (quoting *Aspin* v. *Department of Defense*, 491 F.2d 24, 30 (D.C. Cir. 1973)).

Responsive materials protected by the investigative privilege include a Boston Police incident report, a memorandum to the file, inter-office e-mails, request forms, and an assistant district attorney's notes in the District Attorney's investigative file.  The District Attorney asserts a privilege as to these documents because they contain confidential communications made by employees in the District Attorney's office and the Suffolk District Attorney has a strong institutional interest in maintaining the confidentiality of these materials in order to secure cooperation of witnesses in future investigations.

Additionally, this court should discourage attempts to seek discovery of evidentiary material through subpoenas to district attorneys, unless such material is not available by other means. *Gomez v. City of Nashua*, 126 F.R.D. 432, 436 (D.N.H. 1989). Here, much of the material requested in the subpoena is correspondence from the plaintiff's defense attorney in the criminal case and the district attorney's office and is thus already in the possession of the plaintiff in this civil case. Compelling prosecutors to disclosure "absent the showing of a compelling need would violate public policy concerns that the time and resources of that office be conserved for the public business. *Id.*

**B.    Specific Massachusetts Statutes Preclude the District Attorney From Releasing Certain Information in His Files Absent A Court Order.**

The following Massachusetts statutes preclude the District Attorney from releasing certain information in his files absent a court order. *See, e.g.,* G.L. c. 256, §24C; G.L. c. 41, §97D.

**1.    M.G.L. c. 41, §97D**

Under M.G. L. c. 41, §97D, "all reports of rape and sexual assault or attempts to commit such offenses and all conversations between police officers and victims of said offenses shall not be public reports and shall be maintained by the police departments in a manner which will assure their confidentiality." Violation of §97D is punished "by imprisonment for not more than one year or by a fine of not more than one thousand dollars, or both." *Id.* The underlying intent of the statute is to foster "sensitivity for the rape victim's plight." *Globe Newspaper Co. v. Superior Court*, 379 Mass. 846, 858 n.9, *vacated on other grounds,* 449 U. S. 894, *on remand*, 383 Mass. 838, 423 N.E.2d 773 (1981), *rev'd on other grounds*, 457 U. S. 596 (1982).

### 2.  M.G.L. c. 265, §24C

Section 97D must also be read in conjunction with M.G. L. c. 265, § 24C, which states that "[t]he portion of the records of a court or any police department of the commonwealth . . . which contains the name of the victim in an arrest, investigation, or complaint for rape . . . shall be withheld from public inspection, except with the consent of a justice of such court where the complaint or indictment is or would be prosecuted." *See Commonwealth v. Scott*, 408 Mass. 811, 817 n.4, 564 N.E.2d 370, 375 n.4 (1990). A violation of this section is also punished as a crime.

### C.  The Assistant District Attorney's Notes, Memoranda and His Drafts of Court Documents Are Entitled to Protection as Work Product Prepared for Trial.

The subpoena encompasses documents falling within the attorney work product privilege, specifically the assistant district attorney's notes and his drafts of court documents. *See* Fed. R. Civ. P. 26(b)(3); *see also* Mass. R. Crim. P. 14(a)(5) (recognizing attorney work product privilege in criminal cases). The work product privilege is designed "above all, to protect the mental impressions and thought processes of attorneys." *In re Atlantic Fin. Management Sec. Litig.*, 121 F.R.D. 141, 143 (D. Mass. 1988). Attorneys' summaries of testimony and notes which reveal attorneys' mental impressions and opinions receive stringent protection. *Id.*[1]

This protection encompasses the assistant district attorney's hand-written notes. "Forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes." *See Upjohn*

---

[1] Although the documents contained in the District Attorney's file were not prepared in anticipation of this civil litigation, documents prepared for one case have the same protection in a second case where the two cases are closely related. *See* 8 C. Wright & A. Miller, Federal Practice and Procedure, § 2024, at 200-201 n. 27 (1970 & Supp. 1993), and cases cited therein.


*Co.* v. *United States*, 449 U.S. 383, 399 (1981).  The assistant district attorney's note-taking reveals his mental processes, including, for example, which aspects of the case he considered important enough to question the witnesses about or which of the witnesses' statements he considered important enough to write down.  The privilege also protects drafts of documents ultimately filed in court: the drafts reflect the prosecutor's interim thought processes as he prepared the documents.  The court should not allow enforce the subpoena to the extent it purports to require the production of such attorney work product.

   Although the privileges asserted are not absolute, the plaintiff has nonetheless failed to make an adequate showing of the necessity for these records in the face of the strong public policy of keeping such records confidential.  Furthermore, the plaintiff has failed to demonstrate that the information he seeks is unavailable from other sources.   In the alternative, to the extent this dispute cannot be resolved on arguments alone, the keeper of the records for the Suffolk District Attorney will, upon request of the Court, provide a descriptive list of the documents contained in the files for the court's *in camera* inspection, and/or provide the documents themselves for *in camera* inspection.


*Co.* v. *United States*, 449 U.S. 383, 399 (1981).  The assistant district attorney's note-taking reveals his mental processes, including, for example, which aspects of the case he considered important enough to question the witnesses about or which of the witnesses' statements he considered important enough to write down.  The privilege also protects drafts of documents ultimately filed in court: the drafts reflect the prosecutor's interim thought processes as he prepared the documents.  The court should not allow enforce the subpoena to the extent it purports to require the production of such attorney work product.

   Although the privileges asserted are not absolute, the plaintiff has nonetheless failed to make an adequate showing of the necessity for these records in the face of the strong public policy of keeping such records confidential.  Furthermore, the plaintiff has failed to demonstrate that the information he seeks is unavailable from other sources.   In the alternative, to the extent this dispute cannot be resolved on arguments alone, the keeper of the records for the Suffolk District Attorney will, upon request of the Court, provide a descriptive list of the documents contained in the files for the court's *in camera* inspection, and/or provide the documents themselves for *in camera* inspection.

## CONCLUSION

For the reasons set forth above, the plaintiff's subpoena to the Keeper of the Records for the Suffolk District Attorney's Office should be quashed. In the alternative, the Suffolk District Attorney's Office respectfully requests this Court to enter an appropriate protective order in her behalf that will prevent inquiry into matters protected by the deliberative process and investigatory privileges.

                                          Respectfully submitted,
                                          For the Suffolk District
                                          Attorney's Office,

                                          THOMAS F. REILLY
                                          Attorney General

                                          <u>/s/Eva M Badway</u>
                                          Eva M. Badway
                                          Assistant Attorney General
                                          Criminal Bureau
                                          One Ashburton Place
                                          Boston, Massachusetts 02108
                                          (617) 727-2200, ext. 2824
Dated: June 3, 2005                    BBO # 635431