UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-CV-11948

SEYED MOHSEN HOSSEINI-SEDEHY,

Plaintiff

v.

ERIN T. WITHINGTON
and CITY OF BOSTON

Defendants

### DEFENDANT'S MOTION TO IMPOUND OR FILE UNDER SEAL EXHIBITS TO DEFENDANT ERIN T. WITHINGTON'S MOTION FOR SUMMARY JUDGMENT (PURSUANT TO L.R. 7.2)

Pursuant to the Protective Order Issued in this case, the Defendant, Erin T. Withington, hereby moves to impound or file under seal the attachments to be filed with the Defendant's Motion for Summary Judgment contained within Exhibits 1-4. These exhibits reference an alleged indecent assault and battery, the names of alleged victims of an indecent assault and battery, the reports of said assaults by the alleged victims, and conversations between alleged victims and police officers. Such information is protected from disclosure under G.L. c. 41, § 97D. Additionally, the documents also contain information protected by the Criminal Offender Record Information ("CORI") statute, G.L. c. 6, § 167. Such grounds warrant impoundment.

Information that falls under the rubric of G.L. c. 41, § 97D is protected from disclosure. That statute protects the confidentiality of reports of rape and related offenses, including the alleged offense in this case, indecent assault and battery. In particular, that statute provides the following:

> All reports of rape and sexual assault or attempts to commit such offenses and all conversations between police officers and victims of said offenses shall not be public reports and shall be maintained by the police departments in a manner which will assure their confidentiality. Whoever violates any provision of this section shall be punished by imprisonment for not more than one year or by a fine of not more than one thousand dollars, or both.

1

Id. The underlying intent of the statute is to foster "sensitivity for the ... victim's plight." Globe Newspaper Co. v. Superior Court, 379 Mass. 846, 858 n.9, vacated on other grounds 449 U.S. 894 (1980), on remand, 383 Mass. 838 (1981), rev'd on other grounds, 457 U.S. 596 (1982). Accordingly, Exhibits 1-3, must be impounded as they contain information which falls within the scope of the statute and which also falls under the Protective Order issued in this case. Exhibits 1, 2 and 3 include, respectively, the Plaintiff's Complaint, excerpts of the Defendant, Detective Erin T. Withington's deposition testimony and a Police Incident Report and Arrest Warrant.[1] These Exhibits pertain to the alleged offense of indecent assault and battery, the alleged victim's identity, and the alleged victim's report of the alleged offense. Given this information, the governing statute and its underlying purpose, good cause exists and requires that said Exhibits be impounded and protected from public disclosure.

Additionally, Exhibits 3 and 4 are also protected from disclosure because they contain CORI information and information within the purview of the Protective Order issued in this case. Exhibit 3, a Police Incident Report and Arrest Warrant, and Exhibit 4, a Nolle Prosequi document filed by the District Attorney's Office, both contain information that relates to the "criminal offender record information." See also Globe Newspaper Co. v. District Attorney for Middle Dist., 439 Mass. 374, 380 (2003). The statute defines such protected information as "records and data in any communicable form compiled by a criminal justice agency which concern an identifiable individual and relate to the nature or disposition of a criminal charge, an arrest, a pre-trial proceeding, other judicial proceedings, sentencing, incarceration, rehabilitation, or release." G.L. c. 6, § 167. Exhibits 3 and 4 unquestionably fall under the purview of this definition as they pertain to an arrest and the nature and disposition of a criminal charge. Impoundment of this information would comply with this statute and its purpose, which is to insure that sensitive criminal records are not improperly accessed and disseminated.

---

[1] The Protective Order stipulates: "The party who designated the document(s) as confidential will draft the appropriate motion for impoundment, and such motion will simultaneously be filed with the Court. The motion for impoundment will, with respect to a matter is sought to impounded (i) set forth a description, in general terms, of the confidential materials for which impoundment is sought and a short statement setting forth the reasons justifying impoundment and will (ii) be accompanied by (a) a redacted version of the document or item containing the confidential materials, to be placed in the court's public files, and (b) an unredacted version of the document or item containing materials, marked or highlighted to indicate clearly the portions for which impoundment is sought."

See Wagner v. City of Holyoke, 241 F.Supp.2d 78, 86 (D. Mass. 2003). Given this information, the governing CORI statute and its underlying purpose, good cause exists and requires that said Exhibits be impounded and protected from public disclosure.

Accordingly, the Defendant requests that these exhibits be sealed in order to comply with G.L. c. 41, § 97D and the CORI statute, G.L. c. 6, § 167. Pursuant to Local Rule 7.2, the Order for Impoundment should last until this case is disposed of, either by motion or trial, whereupon the Defendant suggests the materials be returned to the custody of the Defendant who will treat the documents as prescribed in the Protective Order.

> Respectfully submitted,
> DEFENDANT ERIN WITHINGTON,
> By her attorney:
>
> /s/ Helen G. Litsas
> Helen G. Litsas, BBO# 644848
> Assistant Corporation Counsel
> City of Boston Law Department
> Room 615, City Hall
> Boston, MA 02201
> (617) 635-4023

CERTIFICATE OF SERVICE

I, Helen G. Litsas, hereby certify that on this date I served a copy of the foregoing documents upon the plaintiff.

11/1/05        /s/ Helen G. Litsas

Date           Helen G. Litsas

3