# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   04 CV 11948 RGS

SEYED MOHSEN HOSSEINI-
SEDEHY,
     Plaintiff

v.

ERIN WITHINGTON and CITY OF
BOSTON
     Defendants

## **DEFENDANT ERIN WITHINGTON'S PROPOSED JURY INSTRUCTIONS**

Now comes the Defendant in the above-captioned action, Erin Withington ("Defendant"), and respectfully submits the following requests for jury instructions.  The Defendant further reserves her rights to supplement, modify or make deletions from the attached jury instructions as may become appropriate during the course of trial.  The Defendant will submit such requests seasonably in advance of the Court's charge.  The Defendant also states that these proposed jury instructions are being submitted without waiving, and without prejudice to, any Motion for Judgment as a Matter of Law.

Respectfully submitted,
DEFENDANT ERIN WITHINGTON
By her attorneys:


/s/ Helen G. Litsas
MaryBeth C. Long, BBO #652840
Helen G. Litsas, BBO# 644848
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4038 (Long)
(617) 635-4023 (Litsas)

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 6, 2007.


/s/ Helen G. Litsas
Helen G. Litsas

## REQUEST NO. 1
### Burden of Proof

The burden of proof is on the plaintiff in a civil action, such as this one, to prove each and every essential element of every claim by a preponderance of the evidence.  If the evidence is equally balanced as to any of the essential elements of a Plaintiff's claim, then you must find for the Defendant.   Greenbelt Cooperative Publ. Assoc. v. Bresher, 398 U.S. 6, 19 (1970) (White, J., concurring); Borelli v. Top Value Enterprises, 356 Mass. 110, 113, 248 N.E. 2d 510 (1969).   That is, the Plaintiff, Seyed Mohsen Hosseini-Sedehy, has not carried his burden of proof if, after you have considered all of the evidence, you find that it is just as reasonable to find in favor of the Defendant, Erin Withington.  Corsetti v. Stone Co., 396 Mass. 1, 24, 483 N.E.2d 793, 806 (1985).

## REQUEST NO. 2
### Burden of Proof (§ 1983)

In a Section 1983 civil rights action, such as this one, the burden of proof is on the Plaintiff to "prove by a preponderance of the evidence that he . . . was deprived of a right secured by the Constitution by a person acting under the color of state law." Tatro v. Kervin, 41 F.3d 9,14 (1st. Cir. 1994) (citing Pittsley v. Warish, 927 F.2d 3, 6 (1st Cir.), cert. denied, 502 U.S. 879 (1991)); Fernandez v. Rapone, 926 F. Supp. 255, 260 (D. Mass. 1996).  In the present case, the Plaintiff, Seyed Mohsen Hosseini-Sedehy, must prove by a preponderance of the evidence that the Defendant, Erin Withington, unreasonably seized him in violation of his Fourth Amendment rights.  If the evidence is equally balanced as to any of the essential elements of the Plaintiff's claims, then you must find for the Defendant, Erin Withington.  Greenbelt Cooperative Publ. Assoc. v. Bresher, 398 U.S. 6, 19 (1970) (White, J., concurring); Borelli v. Top Value Enterprises, 356 Mass. 110, 113 (1969).

## <u>REQUEST NO. 3</u>
### <u>Constitutional Violation (§ 1983)</u>

In any case brought under § 1983 alleging a denial of the right to be free of illegal search and seizure, the first inquiry must be "whether the plaintiff has been deprived of a right 'secured by the constitution and laws'" of the United States. <u>Willhauck v. Halpin</u>, 953 F.2d 689, 703 (1st Cir. 1991); <u>Baker v. McCollan</u>, 443 U.S. 137 (1979). The question before you then is whether the allegations of the complaint describe a "constitutional tort actionable under §1983". <u>Polk County v. Dodson</u>, 454 U.S. 312, 326 (1981).

**REQUEST NO. 4**
**Constitutional Violation (§ 1983)**

Not every tort allegedly committed by a public employee rises to the level of a Constitutional violation. <u>Martinez v. California</u>, 444 U.S. 277, 281 (1980); <u>Parratt v. Taylor</u>, 451 U.S. 527, 544 (1981); <u>Baker v. McCollan</u>, 443 U.S. 137, 146 (1979); <u>Furtado v. Bishop</u>, 604 F.2d 80, 95 (1st Cir. 1979).

## <u>REQUEST NO. 5</u>
### <u>Constitutional Violation (§ 1983) – Illegal Seizure</u>

The Fourth Amendment provides that "the right of people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated.  <u>U.S. Const. Amendment IV.</u>

## REQUEST NO. 6
## Constitutional Violation (§ 1983) – Unreasonable Seizure Requires Showing of No Probable Cause

To prove that he was unreasonably seized, the Plaintiff must show at a minimum that the Defendant, Erin Withington, acted without probable cause. Landrigan v. City of Warwick, 628 F.2d 736, 743 (1st Cir. 1980). "An examination of facts to determine whether there was probable cause implicates 'factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" Brinegar v. U.S., 338 U.S. 160, 175 (1949).

## <u>REQUEST NO. 7</u>
## <u>G.L 265, § 13H.-Indecent Assault and Battery-Elements</u>

"An indecent assault and battery is essentially an act or series of acts which are fundamentally offensive to contemporary moral values. No particular definition is given by the statute for what constitutes the crime of indecent assault and battery. It has often been said, however, that it is behavior which the common sense of society would regard as immodest, immoral and improper.

"Thus, in order to prove indecent assault and battery, the Commonwealth must therefore prove beyond a reasonable doubt that the defendant committed an intentional unprivileged and indecent touching of the victim." <u>Commnwealth v. Perretti</u>,  20 Mass. App. Ct. 36, 43 (1985); <u>Commonwealth v. Oliveira</u>, 53 Mass. App. Ct. 480, (2002) (recognizing that "Indecent assault and battery is defined as an 'intentional, unprivileged and indecent touching of the victim"); <u>Commonwealth v. Mosby</u>, 30 Mass. App. Ct. 181, 184 (1991).

The offense may consist of an unpermitted touching that society would regard as immodest and improper because of its sexual overtones, such as a touching of the breasts or genitalia. <u>See</u> <u>Commonwealth v. Perretti</u>, 20 Mass. App. Ct. 36, 43-44 (1985); <u>Commonwealth v. Ortiz</u>,  47 Mass. App. Ct. 777, 779 (1999).

## **REQUEST NO. 8**
## **G.L 265, § 13H.-Indecent Assault and Battery-Date and Time**
## **Are Not Elements of the Offense**

"[T]he date and time of the occurrence [of the alleged incident] are not elements

of the crime of indecent assault and battery."  See Commonwealth v. Washburn,  55

Mass.App.Ct. 493, 498 (2002), Commonwealth v. Sineiro, 432 Mass. 735, 737-738

(2000) (indictments which did not state the date and time were not defective).

## REQUEST NO. 9
## Probable Cause

"Probable cause [for arrest] exists where the facts and circumstances in the arresting officers' knowledge and of which they had reasonably trustworthy information are sufficient to warrant a [person] of reasonable caution in believing that an offense has been or is being committed." U.S. v. Klein, 522 F.2d 296, 299 (1st Cir. 1975).

Probable cause to arrest exists if, at the moment of the arrest on March 22, 2004, the facts and circumstances within the Defendant, Erin Withington's, knowledge and of which she had reasonably reliable information, were adequate to warrant a prudent person in believing that the Plaintiff, Seyed Mohsen Hosseini-Sedehy, had perpetrated, was perpetrating or was poised to perpetrate an offense against Joseph Bavis. See Roche Et Ux. Roche v. John Hancock Mut. Life Ins. Co., 819 F.3d 249, 254 (1st Cir. 1996). See also Beck v. Ohio, 379 U.S. 89, 91 (1964); United States v. Figueroa, 818 F.2d 1020, 1023 (1st Cir. 1987). By definition, the determination does not require scientific certainty. See Illinois v. Gates, 462 U.S. 213, 235 (1983).

Boston Police officers, such as Detective Withington, have the right to arrest any individual whom they have probable cause to believe committed a crime.

## REQUEST NO. 10
## Probable Cause-Based Only On Information Known To Defendant At Time of Arrest

You must judge the constitutionality of the Defendant, Erin Withington's, conduct in light of only the information available to her at the time that she acted on March 22, 2004. Omniscience is not the presumed mindset of an objectively reasonable police officer. Maryland v. Garrison, 480 U.S. 79, 85 (1987). See also Hegarty v. Somerset County, 53 F.3d 1367, 1373-74 (1st Cir. 1995), cert. denied 116 S.Ct. 675 (1995).

You must not engage in Monday morning quarterbacking. The only legal question posed to you is whether at the time of the Plaintiff's arrest, the Defendant, Detective Withington, had probable cause to reasonably conclude Plaintiff had committed an indecent sexual assault and battery against the alleged victim.

The existence of probable cause is based on the facts and circumstances known at the time of arrest, rather than in hindsight. Burke v. Town Of Walpole, 405 F.3d 66, 80 (1st Cir. 2005) (omitting citation). Any information learned by the Defendant, Detective Withington, after the Plaintiff's arrest is not relevant to the question of whether there was probable cause to arrest him at the time the arrest was made. Subsequent information learned about the victim, the perpetrator or the offense should not be considered when determining whether Detective Withington had probable cause to arrest the Plaintiff.

## REQUEST NO. 11
## Probable Cause Determinations-Preliminary and Tentative Determinations

"Probable cause determinations are, virtually by definition, preliminary and tentative." Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 11 (1st Cir.2004). The exact degree of certainty required to establish probable cause is difficult to quantify; it falls somewhere between " 'bare suspicion' [and] what would be needed to 'justify ··· conviction.' " Burke v. Town Of Walpole, 405 F.3d 66, 80 (1st Cir. 2005) (omitting citations).

<u>**REQUEST NO. 12**</u>
<u>**Probable Cause-Subjective Intent Is Irrelevant**</u>

You must determine whether Detective Withington had probable cause based on "an objective assessment of [Detective Withington's] actions in light of the facts and circumstances confronting h[er] at the time <u>and not [an assessment of] [her] state of mind at the time the challenged action was taken</u>." <u>Alexis v. McDonald's</u>, 67 F.3d 341, 349 (1st Cir.1995) (emphasis added).

The "actual motive or thought process of [Detective Withington"] is not relevant to your determination of whether the Defendant, Detective Withington, had probable cause to arrest the Plaintiff. <u>Bolton v. Taylor</u>, 367 F.3d 5, 7 (1st Cir. 2004); <u>Holland v. City of Portland,</u> 102 F.3d 6, 9 -11 (1st Cir. 1996). The Defendant's state of mind (except for the facts that she knows) "is irrelevant to the existence of probable cause." <u>See</u> <u>Devenpeck v. Alford</u>, 543 U.S. 146, 153-155 (2004).

**REQUEST NO. 13**
**Probable Cause-Victim's Complaint**

A complaint by a victim of a crime is "a prime source of investigatory information for police officers." Acosta v. Ames Departments Stores, 386 F.3d 5, 10 (1st Cir. 2004). An alleged victim of a crime is considered to be a reliable informant even if the victim's credibility has not been previously proven or tested. Nelson v. Moore, 470 F.2d 1192, 1197 (1st Cir. 1972) ("[A]n asserted victim of a crime is a reliable informant even though his or her reliability has not theretofore been proven or tested."). A victim's complaint, without anything more, can establish probable cause. Acosta v. Ames Departments Stores, 386 F.3d 5, 10 (1st Cir. 2004) ("The uncorroborated testimony of a victim or other percipient witness, standing alone, ordinarily can support a finding of probable cause.").

Put another way, information furnished by a victim is generally considered sufficiently reliable to support a finding of probable cause. Forest v. Pawtucket Police Dep't, 377 F.3d 52, 57 (1st Cir. 2004). If the victim's complaint establishes probable cause, there is no requirement that a police officer corroborate the victim's complaint. White v. Town of Marblehead, 989 F. Supp. 345, 350 (D. Mass. 1997).

### REQUEST NO. 14
### Probable Cause-Warrant

You have heard evidence that a clerk magistrate of the Boston Municipal Court determined that there was probable cause to arrest the Plaintiff and authorized the issuance of an arrest warrant for the Plaintiff's arrest in the underlying criminal case. You may consider this fact in determining whether Detective Withington had probable cause to arrest the Plaintiff.

You may also give "considerable deference" to the "probable cause" determination made by the issuing magistrate. See U.S. v. Zayas-Diaz, 95 F.3d 105, 111 (1st Cir. 1996) (omitting citation) ("given the strong preference for warrants under our Fourth Amendment jurisprudence, normally a reviewing court will defer to an issuing magistrate's 'probable cause' determination in a doubtful or marginal case); see also United States v. Ventresca, 380 U.S. 102, 109 (1965); United States v. Craig, 861 F.2d 818, 823 (5th Cir.1988).

## <u>REQUEST NO. 15</u>
### <u>Warrant-Presumption of Legality</u>

"[W]hen the police have acted with a warrant 'an independent determination on the issue of probable cause has already been made by a magistrate, thereby giving rise to a presumption of legality . . . .' " <u>U.S. v. Santana</u>, 433 F.Supp.2d 138, 139 (D.Me. 2006), <u>quoting</u> 3 Wayne R. LaFave et al., Criminal Procedure § 10.3 (2d ed. 1999 & Supp.2006) (footnotes omitted).

<u>REQUEST NO. 16</u>
**<u>Probable Cause-No Requirement That Officers Must Apply For An Arrest Warrant</u>**
**<u>The Moment They Have Probable Cause</u>**

There is no requirement that "police officers must apply for an arrest warrant the instant they have 'probable cause.' " <u>U.S. v. Santana</u>,  433 F.Supp.2d 138, 139 (D.Me. 2006), <u>quoting</u> <u>Hoffa v. United States</u>, 385 U.S. 293, 310 (1966) (mere existence of probable cause does not require immediate arrest).

## REQUEST NO. 17
## Arrest- Presumption of Reasonableness

When an arrest is challenged on the basis of lack of probable cause, the arrest is "deemed objectively reasonable unless there <u>clearly</u> was no probable cause at the time the arrest was made."  <u>Sheehy v. Town of Plymouth</u>, 191 F.3d 15, 19 (1st Cir. 1999) (quoting <u>Topp v. Wolkowski</u>, 994 F.2d 45, 48 (1st Cir. 1993)).

## REQUEST NO. 18
## Entry of Nolle Prosequi

You may not consider the fact that the charge against the Plaintiff was ultimately dismissed in your determination of whether Detective Withington had probable cause to believe that the Plaintiff had sexually assaulted the victim. Wynne vs. Rosen, 391 Mass. 797 (1984); Lincoln vs. Shea, 361 Mass. 1 (1972); see also Serpico v. Menard, Inc., 927 F. Supp. 276, 279-80 (N.D.Ill.1996) (the actual facts of the case or the guilt or innocence of the accused are not relevant for a false arrest/imprisonment claim).

The amount of evidence sufficient to find probable cause is far less than that required for a conviction. The test for probable cause does not involve speculation about the outcome of a trial on the merits of a particular charge, but rather upon an assessment of whether the knowledge of the arresting officer at the time of the arrest would be sufficient to warrant a prudent man in believing that the person arrested had committed or was committing an offense. Beck vs. State of Ohio, 379 U.S. 89 (1964).

## REQUEST NO. 19
## Proximate Cause

For the Defendant, Detective Erin Withington, to be liable for damages, the Plaintiff has the burden of proving by a preponderance of the evidence that whatever injury he suffered was proximately caused by the conduct of the Defendant. That is, you cannot find that the Defendant violated the Plaintiff's constitutional rights unless you find that there is a sufficient causal connection between the Defendant, Erin Withington's, acts and the Plaintiff's alleged injury.

To determine whether there is proximate cause, you must determine whether there is an affirmative link between the Defendants' acts and the alleged injury. Fernandez v. Chardon, 681 F.2d 42, 55 (1st Cir. 1982), aff'd Chardon v. Soto, 462 U.S. 650 (1983); Rizzo v. Goode, 423 U.S. 362, 371 (1976).

## REQUEST NO. 20
### Compensatory Damages

Compensatory damages in a §1983 suit must be based on actual injury caused by the Defendant, rather than on the 'abstract value' of the constitutional rights that may have been violated. Damages based on the abstract "value" or "importance" of constitutional rights are not a permissible element of compensatory damages in such cases. Memphis Community School Dist. v. Stachura, 477 U.S. 299, 306-308, (1986).

Thus, if the Plaintiff prevails on his claims that the Defendant violated his constitutional rights, he may receive compensatory damages only for actual, compensable injuries that were caused by the Defendant's conduct and not based on the abstract value of his rights under the Fourth Amendment to be free from wrongful search and seizure. Slicker v. Jackson, 215 F.3d 1225, 1230-31 (11th Cir. 2000) (citing Carey v. Piphus, 435 U.S. 247, (1978) and Memphis Community School District v. Stachura, 477 U.S. 299, 307 (1986)).

A Plaintiff who proves only an intangible loss of civil rights or purely mental suffering may be awarded compensatory damages but such damages need not be awarded for either intangible loss or mental distress. DiMarco-Zappa v. Cabanillas, 238 F.3d 25, 37 (1st Cir. 2001) (citing Perez v. Rodriguez Bou, 575 F. 2d 21, 25 (1st Cir. 1978)).

## REQUEST NO. 21
## Damages – Reasonable, Not Speculative

If you should find that the Plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damages as you find, from a preponderance of the evidence in the case, that he has sustained as a proximate result of the Defendant's conduct.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.  Bigelow vs. RKO Radio Pictures, Inc., 327 U.S. 251 (1946), reg. denied, 327 U.S. 817; Story Parchment Co. vs. Paterson Parchment Paper Co., 282 U.S. 555 (1931); Brown vs. United States, 230 F.Supp. 774, 776 (D. Mass. 1964).

## **REQUEST NO. 22**
## **Damages – Reasonable, Not Speculative**

A claim of mental suffering should not result in a windfall to the Plaintiff. Damages for mental distress are only available where there is actual proof of objectively recognizable damages. This standard requires the showing of "medically cognizable psychological distress" caused by the Defendant's conduct. Plaintiff is not entitled to damages for mental distress where their testimony of "psychological discomfort" is not corroborated. Perez v. Rodriguez Bou, 575 F.2d 21, 25 (1st Cir. 1978); Carey v. Piphus, 435 U.S. 247, 264 (1978).

## REQUEST NO. 23
## Damages – Limiting Instruction

      You should not interpret any instructions I give on the issue of damages as implying that you must award damages. These instructions are for your guidance only. You, the jurors, are the sole judges of whether or not, and in what amount, damages should be awarded. The fact that I have instructed you as to the proper measure of damages should not be considered as suggesting any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given only for your guidance in the event you should find in favor of a party by a preponderance of the evidence and in accordance with my other instructions.