UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  04 CV 11948 RGS

SEYED MOHSEN HOSSEINI-SEDEHY,
    Plaintiff

v.

ERIN WITHINGTON
    Defendant

## DEFENDANT ERIN WITHINGTON'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF THE SUFFOLK DISTRICT ATTORNEY'S OFFICE AND ANY AND ALL EVIDENCE REGARDING THE OUTCOME OF THE PLAINTIFF'S CRIMINAL CASE

Defendant Erin Withington, a Detective with the Boston Police Department ("Defendant"), respectfully moves this Court to exclude any and all testimony by employees of the Suffolk District Attorney's Office and any testimony, evidence, reference, comments and/or arguments relating to the District Attorney's Office's handling of the case and its dismissal or "nolle prosequi" of Plaintiff's criminal charges. Admission of any such testimony and evidence is not only irrelevant but also highly prejudicial to the Defendant, Detective Erin Withington, and would essentially result in a mini-trial of the Plaintiff's innocence or guilt, rather than in the trial of whether the Defendant had probable cause to arrest the Plaintiff based on the information known to her at that time.

Accordingly, the Defendant respectfully requests that this Court grant Defendant's motion in limine.

**I.   ADMISSION OF ANY TESTIMONY FROM THE SUFFOLK DISTRICT ATTORNEY'S OFFICE AND ANY EVIDENCE REGARDING THE DISTRICT ATTORNEY'S OFFICE'S HANDLING AND ULTIMATE DISMISSAL OF THE PLAINTIFF'S CRIMINAL CHARGES IS NOT ONLY IRRELEVANT TO THE NARROW ISSUE OF PROBABLE CAUSE IN THIS CASE, BUT WOULD ALSO MISLEAD AND CONFUSE THE JURY.**

   **A.   Testimony and Evidence Offered From The District Attorney's Office Is Irrelevant.**

The sole issue in this case is whether, as the Plaintiff has alleged, Defendant Withington unreasonably seized the Plaintiff, and thereby violated his civil rights. The Plaintiff, however, seeks to obscure this narrow issue by offering the testimony of witnesses from the Suffolk District Attorney's Office to testify about matters that have no relevance to the issue of whether Detective Erin Withington had probable cause to arrest the Plaintiff. The Plaintiff seeks to offer the testimony of Assistant District Attorney Joseph Eisenstadt, for example, regarding his involvement in the prosecution of the Plaintiff, his receipt of voluminous records from the Plaintiff's counsel regarding the alleged victim, his evaluation of the Commonwealth's evidence against the Plaintiff, his conversations with Detective Erin Withington regarding the ultimate dismissal of Plaintiff's criminal charges, and the District Attorney's Office's receipt of records from Detective Withington. Such testimony, concerning information not known to Detective Withington at the time of her arrest of the Plaintiff, has no relevance to this issue.

Such evidence does not make the existence of any fact regarding the Plaintiff's alleged unreasonable seizure more likely or not. To establish an unreasonable seizure, the Plaintiff must establish that his arrest was not based on probable cause. Probable cause exists where "the facts and circumstances within [the officer's] knowledge and of which [she] had reasonably trustworthy information were sufficient to warrant a prudent

[person] in believing that the [plaintiff] had committed or was committing an offense." Rivera v. Murphy, 979 F.2d 259, 263 (1st Cir.1992)). The probable cause analysis involves "an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time and not [an assessment of] the officer's state of mind at the time the challenged action was taken." Alexis v. McDonald's, 67 F.3d 341, 349 (1st Cir.1995).  Any testimony offered by the District Attorney's Office on the above-mentioned matters have no place in this probable cause analysis.  Serpico v. Menard, Inc., 927 F. Supp. 276, 279-80 (N.D.Ill.1996) (the actual facts of the case or the guilt or innocence of the accused are not relevant for a false arrest/imprisonment claim).

### B. Testimony and Evidence Offered From The District Attorney's Office Would Be Unfairly Prejudicial Because It Would Improperly Invite The Jury To Weigh Facts Not Known To The Defendant At The Time Of The Plaintiff's Arrest.

Moreover, the admission of any such evidence presented by the District Attorney's Office would improperly invite the jury to weigh those facts in making a determination that, as a matter of law, must focus on Detective Withington's state of knowledge at the time of the arrest.  Furthermore, such testimony and evidence, with the imprimatur of the Office of the District Attorney behind it, would undoubtedly lead the jury to afford it great weight.  The jury's focus then would be diverted from the narrow issue in this case: whether the Defendant had probable cause to arrest the Plaintiff.  This evidence should, therefore, be inadmissible as the probative value of admitting such evidence is substantially outweighed by the danger of unfair prejudice to the Defendants. See Fed. R. Evid. 403, 404(b) and 806(b).  No curative instruction could conceivably remedy such grave prejudice.

Accordingly, the Defendant respectfully requests exclusion of any and all such evidence and argument referencing such evidence.

## II.     CONCLUSION

For the reasons set forth above, and any such other and further reasons as stated orally to the Court, the Defendants request that this Honorable Court grant her motion.

Respectfully submitted,
DEFENDANT ERIN WITHINGTON
By her attorney:

/s/ Helen G. Litsas
MaryBeth C. Long, BBO #652840
Helen G. Litsas, BBO# 644848
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4038 (Long)
(617) 635-4023 (Litsas)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 6, 2007.

/s/ Helen G. Litsas
Helen G. Litsas