UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  04 CV 11948 RGS

SEYED MOHSEN HOSSEINI-SEDEHY,
    Plaintiff

v.

ERIN WITHINGTON
    Defendant

**DEFENDANT ERIN WITHINGTON'S MOTION IN LIMINE TO EXCLUDE ANY AND ALL EVIDENCE REGARDING FACTS NOT KNOWN TO DEFENDANT ERIN WITHINGTON AT THE TIME OF THE PLAINTIFF'S ARREST**

Defendant Erin Withington ("Defendant" or "Detective Withington") respectfully moves this Court to exclude any testimony, evidence, reference, comments and/or arguments regarding facts not known to Defendant Erin Withington at the time of the Plaintiff's arrest. The Defendant anticipates that the Plaintiff will offer evidence regarding, inter alia, the alleged victim's criminal history, his receipt of unemployment and disability benefits, his work performance and grievance filed with his employer, and any and all evidence or documents produced to the Suffolk District Attorney's Office following Plaintiff's arrest.  It is undisputed that such evidence was not known to Detective Withington at the time of the Plaintiff's arrest. See Exhibit A, Deposition of Erin Withington, 84-140; 191-192.  Admission of any such evidence or argument, including evidence regarding the alleged victim's background and employment, are not relevant to the narrow issue in this case of whether the Defendant had probable cause to arrest the Plaintiff. Moreover, any slight probative value of such evidence is substantially

outweighed by the danger of unfair prejudice to the Defendant. Accordingly, the Defendant respectfully requests that this Court grant Defendant's motion in limine.

### I. ADMISSION OF ANY EVIDENCE REGARDING FACTS NOT KNOWN TO DETECTIVE WITHINGTON AT THE TIME OF PLAINTIFF'S ARREST IS NOT RELEVANT TO THE NARROW ISSUE OF PROBABLE CAUSE IN THIS CASE.

The sole issue in this case is whether, as the Plaintiff has alleged, Defendant Withington unreasonably seized the Plaintiff, and thereby violated his civil rights. To establish an unreasonable seizure, the Plaintiff must establish that his arrest was not based on probable cause. Probable cause exists where "the facts and circumstances within [the officer's] knowledge and of which [she] had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the [plaintiff] had committed or was committing an offense." Rivera v. Murphy, 979 F.2d 259, 263 (1st Cir.1992). The probable cause analysis involves "an objective assessment of the officer's actions in light of the facts and circumstances confronting h[er] at the time and not [an assessment of] the officer's state of mind at the time the challenged action was taken." Alexis v. McDonald's, 67 F.3d 341, 349 (1st Cir.1995).

The Defendant anticipates that the Plaintiff will offer evidence regarding the alleged victim's criminal history, his receipt of unemployment and disability benefits, his employment, and complaints regarding the alleged victim's work performance. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. "Evidence of which the arresting officer had no knowledge at the time the challenged arrest occurred is clearly irrelevant to a determination of whether the officer had probable cause to make the arrest." Dallas v.

2

Goldberg, 143 F.Supp.2d 312, 317 (S.D.N.Y. 2001). Evidence uncovered after the arrest is "irrelevant to the question of probable cause to make the arrest-regardless of what charges were considered post-arrest and what charges were eventually brought against Plaintiff-and evidence concerning it is inadmissible for the purpose of proving the existence of such probable cause." Id.  Here, any information not known to Detective Withington at the time of Plaintiff's arrest could not be a factor in her decision to arrest the Plaintiff and is not a factor in the probable cause determination at issue in this case.

II. **ANY SLIGHT PROBATIVE VALUE OF THE ADMISSION OF ANY EVIDENCE REGARDING THE SUBJECTIVE INTENT OF DETECTIVE WITHINGTON IS OUTWEIGHED BY UNFAIR PREJUDICE TO THE DEFENDANT, ERIN WITHINGTON.**

Defendant also contends that any such evidence regarding facts not known to Defendant Withington at the time of Plaintiff's arrest is inadmissible because the slight probative value, if any, of admitting such evidence is substantially outweighed by the danger of unfair prejudice to the Defendant.  See Fed. R. Evid. 403, 404(b) and 806(b). "The issue that the jury must determine is whether [Defendant Withington] had probable cause to arrest Plaintiff, who was subsequently charged with [indecent assault and battery]. Informing the jury that [of facts about the alleged victim which were not known to Detective Withington at the time of Plaintiff's arrest] could lead the jury to weigh th[ose] fact[s] in making a determination that must, as a matter of law, focus on the arresting officer's state of knowledge at the time of the arrest. Such consideration would clearly be unfairly prejudicial . . . ." See Dallas v. Goldberg, 143 F.Supp.2d 312, *317 (S.D.N.Y. 2001).  Under these circumstances, evidence admitted regarding facts not known to Defendant Withington at the time of Plaintiffs arrest, including but not limited to evidence regarding the alleged victim's criminal history, his receipt of unemployment

3

and disability benefits, work grievances, and work performance may substantially and unfairly sway the jury's verdict. Certainly, any limiting instruction cannot mitigate the effects of admitting such gravely prejudicial evidence.

Accordingly, the Defendant respectfully requests exclusion of any and all such evidence and argument referencing such evidence.

### III. <u>CONCLUSION</u>

For the reasons set forth above, and any such other and further reasons as stated orally to the Court, the Defendants request that this Honorable Court grant its motion.

Respectfully submitted,
DEFENDANT ERIN WITHINGTON
By her attorneys:

/s/ Helen G. Litsas
MaryBeth C. Long, BBO #652840
Helen G. Litsas, BBO# 644848
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4038 (Long)
(617) 635-4023 (Litsas)

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 6, 2007.

/s/ Helen G. Litsas
Helen G. Litsas