UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   04 CV 11948 RGS

SEDEHY MOSHEN HOSSEINI,
          Plaintiff

v.

ERIN WITHINGTON and CITY OF
BOSTON
          Defendants

**DEFENDANT ERIN WITHINGTON'S MOTION IN LIMINE TO EXCLUDE
ANY AND ALL EVIDENCE REGARDING DETECTIVE WITHINGTON'S
ALLEGEDLY "FALSE" DATE OF THE OFFENSE
IN THE ARREST WARRANT APPLICATION**

Defendant Erin Withington, a Detective with the Boston Police Department ("Defendant"), respectfully moves this Court to exclude any testimony, evidence, reference, comments and/or arguments regarding the allegedly "false" date of the offense reported in the March 22, 2004 application for an arrest warrant of the Plaintiff.  Upon information and belief, the Defendant anticipates that the Plaintiff will seek to offer evidence and argument suggesting that the date of the offense reported by Detective Withington in the arrest warrant application, 12/22/03, was false and that Detective Withington made this statement with a reckless disregard for the truth and/or with deliberate indifference.  The Defendant contends that such statement is not material and therefore any evidence regarding its alleged falsity is irrelevant.  Moreover, any slight probative value is substantially outweighed by the danger of unfair prejudice to the Defendant.

I.    **ADMISSION OF ANY EVIDENCE REGARDING THE ALLEGEDLY FALSE STATEMENT REGARDING THE DATE OF THE INDECENT SEXUAL ASSAULT AND BATTERY OFFENSE  IS NOT RELEVANT BECAUSE THE DATE OF THE OFFENSE IS NOT MATERIAL SUCH OFFENSE.**

Detective Withington sought an arrest warrant of the Plaintiff for the alleged offense of indecent assault and battery. The offense may consist of an unpermitted touching that society would regard as immodest and improper because of its sexual overtones, such as a touching of the breasts or genitalia. See Commonwealth v. Perretti, 20 Mass. App. Ct. 36, 43-44 (1985); Commonwealth v. Ortiz,  47 Mass. App. Ct. 777, 779 (1999).  The Massachusetts Appeals Court has also defined the offense as follows:

> An indecent assault and battery is essentially an act or series of acts which are fundamentally offensive to contemporary moral values. No particular definition is given by the statute for what constitutes the crime of indecent assault and battery. It has often been said, however, that it is behavior which the common sense of society would regard as immodest, immoral and improper.  Thus, in order to prove indecent assault and battery, the Commonwealth must therefore prove beyond a reasonable doubt that the defendant committed an intentional unprivileged and indecent touching of the victim.

Commnwealth v. Perretti,  20 Mass. App. Ct. 36, 43 (1985);   Commonwealth v. Oliveira, 53 Mass. App. Ct. 480, (2002) (recognizing that "[i]ndecent assault and battery is defined as an 'intentional, unprivileged and indecent touching of the victim"); see also Commonwealth v. Mosby, 30 Mass. App. Ct. 181, 184 (1991).

Additionally, Massachusetts courts have held that "the date and time of the occurrence [of the alleged incident] are not elements of the crime of indecent assault and battery." See Commonwealth v. Washburn,  55 Mass. App. Ct. 493, 498 (2002), Commonwealth v. Sineiro, 432 Mass. 735, 737-738 (2000) (indictments which did not state the date and time were not defective).

Therefore, any evidence or argument regarding the allegedly false date of the indecent assault and battery offense in the warrant application should be excluded.

**II.      ANY SLIGHT PROBATIVE VALUE FROM THE ADMISSION OF ANY EVIDENCE REGARDING SUCH STATEMENT  IS OUTWEIGHED BY UNFAIR PREJUDICE TO THE DEFENDANT, ERIN WITHINGTON.**

Defendant also contends that such evidence regarding such statement is inadmissible because the probative value of admitting such evidence is substantially outweighed by the danger of unfair prejudice to the Defendants.  See Fed. R. Evid. 403, 404(b) and 806(b).  Admission of such evidence would confuse and mislead the jury and encourage them to draw the inappropriate inference that such allegedly false statement is material. The jury would also be mistakenly led to draw the conclusion that such statement invalidates the arrest warrant. Certainly, any limiting instruction cannot mitigate the effects of admitting such gravely prejudicial evidence.

Accordingly, the Defendant respectfully requests exclusion of any and all such evidence and argument referencing such evidence.

**III.      CONCLUSION**

For the reasons set forth above, and any such other and further reasons as stated orally to the Court, the Defendants request that this Honorable Court grant her motion.

Respectfully submitted,
DEFENDANT ERIN WITHINGTON
By her attorney:


/s/ Helen G. Litsas
Marybeth Long, BBO #_____
Helen G. Litsas, BBO# 644848
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4038 (Long)
(617) 635-4023 (Litsas)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 6, 2007.


/s/ Helen G. Litsas
Helen G. Litsas