UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   04 CV 11948 RGS

SEYED MOHSEN HOSSEINI-
SEDEHY,
          Plaintiff

v.

ERIN WITHINGTON
          Defendant

## **DEFENDANT ERIN WITHINGTON'S MOTION IN LIMINE TO EXCLUDE ANY AND ALL EVIDENCE REGARDING THE ALLEGED SUBJECTIVE INTENT OF DEFENDANT ERIN WITHINGTON AT THE TIME OF THE PLAINTIFF'S ARREST**

Defendant Erin Withington ("Defendant" or "Detective Withington") respectfully moves this Court to exclude any testimony, evidence, reference, comments and/or arguments regarding Defendant Erin Withington's alleged subjective intent at the time of the Plaintiff's arrest, including but not limited to (1) any evidence purporting to establish that the reason for the Defendant's arrest of the Plaintiff was due to the "annoying" phone calls from the alleged victim; (2) any testimony offered by any witness from the District Attorney's office; and (3) any evidence suggesting that the Plaintiff's race was a factor in his arrest.  The Defendant anticipates that the Plaintiff will offer evidence regarding the alleged victim's numerous phone calls to the Defendant and suggest to the jury that the Plaintiff's arrest was procured solely because of these alleged "annoying" phone calls. The Defendant also anticipates that the Plaintiff will suggest to the jury, when wholly lacking in evidentiary support, that the Plaintiff's Iranian nationality played a role in his arrest.  Such evidence or argument is not only irrelevant to the narrow issue in this case of whether the Defendant had probable cause to arrest the Plaintiff, but also unfairly

prejudicial to Defendant Withington. Accordingly, the Defendant respectfully requests that this Court grant Defendant's motion in limine.

I.      **ADMISSION OF ANY EVIDENCE REGARDING DETECTIVE WITHINGTON'S ALLEGED SUBJECTIVE INTENT AT THE TIME OF PLAINTIFF'S ARREST IS NOT RELEVANT TO THE NARROW AND OBJECTIVE DETERMINATION OF PROBABLE CAUSE IN THIS CASE.**

The Defendant anticipates that the Plaintiff will offer evidence regarding Detective Withington's alleged subjective intent, including but not limited to evidence that Withington arrested the Plaintiff because she was "annoyed" at the numerous phone calls by the alleged victim and evidence that the Plaintiff's race played a role Plaintiff's arrest. Such evidence is wholly irrelevant. The sole issue in this case is whether, as the Plaintiff has alleged, Defendant Withington unreasonably seized the Plaintiff, and thereby violated his civil rights.

To establish an unreasonable seizure, the Plaintiff must establish that his arrest was not based on probable cause. Probable cause exists where "the facts and circumstances within [the officer's] knowledge and of which [she] had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the [plaintiff] had committed or was committing an offense." Rivera v. Murphy, 979 F.2d 259, 263 (1st Cir. 1992). The probable cause analysis involves "an objective assessment of the officer's actions in light of the facts and circumstances confronting h[er] at the time and not [an assessment of] the officer's state of mind at the time the challenged action was taken." Alexis v. McDonald's, 67 F.3d 341, 349 (1st Cir.1995) (emphasis added).

Supreme Court precedent "make clear that an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause." See

Devenpeck v. Alford, 543 U.S. 146, 153-155 (2004) (omitting citations). " [T]he fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." Devenpeck, supra at 153 (omtting internal quotations and citations). As the Court has astutely observed, "evenhanded law enforcement is best achieved by the application of objective standards of conduct, rather than standards that depend upon the subjective state of mind of the officer." Devenpeck v. Alford, 543 U.S. 146, 153-155 (2004), quoting Horton v. California, 496 U.S. 128, 138 (1990).

Echoing these fundamental principles, the First Circuit has held that in these probable cause determinations, "the actual motive or thought process of the officer is not plumbed." Bolton v. Taylor, 367 F.3d 5, 7 (1st Cir. 2004); Holland v. City of Portland, 102 F.3d 6, 9 -11 (1st Cir. 1996) ("Our own circuit, like several others, has rejected the inquiry into motive"). Accordingly, the First Circuit has concluded that "the only pertinent 'facts' are the information available to the officer." Bolton, supra at 7. In reaching this conclusion, the First Circuit has reasoned that the "[t]he decision to arrest, where probable cause exists, is a discretionary one informed by many considerations. And any attempt to untangle the ascribed motive from a skein of others, in prompting an arrest justified by objective probable cause, would invite exactly the inquiry into police motivation condemned by [the Supreme Court]." Holland, supra at 11.

Thus, any evidence of Detective Withington's alleged subjective intent at the time of Plaintiff's arrest is therefore irrelevant to the probable cause determination regarding the Plaintiff's arrest. Any evidence regarding the "annoying" phone calls of the alleged

victim and any and all reference to race as a motive in Plaintiff's arrest should be excluded. Additionally, the Defendant contends that any allegation or reference to race as a motive for Plaintiff's arrest is inadmissible because during discovery, absolutely no evidence was adduced establishing or even suggesting that race played any role in Defendant Withington's actions. There was no reference to any alleged racial remark by Defendant Withington or any evidence whatsoever suggesting that the Plaintiff was treated differently because of his race.

For all of these reasons, Defendant respectfully requests that her motion in limine be granted.

II.    **ANY SLIGHT PROBATIVE VALUE OF THE ADMISSION OF ANY EVIDENCE REGARDING THE SUBJECTIVE INTENT OF DETECTIVE WITHINGTON IS OUTWEIGHED BY UNFAIR PREJUDICE TO THE DEFENDANT, ERIN WITHINGTON.**

Defendant also contends that any such evidence regarding Defendant Withington's alleged subjective intent at the time of Plaintiff's arrest is inadmissible because the slight probative value, of such evidence is substantially outweighed by the danger of unfair prejudice to the Defendant. See Fed. R. Evid. 403, 404(b) and 806(b). The jury must make an objective determination whether Defendant Withington, based on the facts and circumstances known to her, had probable cause to arrest the Plaintiff. Any evidence regarding her alleged subjective intent, i.e. that she arrested the Plaintiff because she was annoyed at the alleged victim's numerous phone calls or because of some alleged racial prejudice, could lead the jury to weigh those alleged facts "in making a determination that must, as a matter of law, focus on the arresting officer's state of knowledge at the time of the arrest. Such consideration would clearly be unfairly prejudicial . . . ." See Dallas v. Goldberg, 143 F.Supp.2d 312, 317 (S.D.N.Y. 2001). The

First Circuit has also recognized this danger, specifically noting "an inquiry into actual motive, directly or indirectly, invites all kinds of diversion." Holland, supra at 11.

Any attempt by the Plaintiff to ascribe such illicit motive to the Defendant would be unquestionably prejudicial to her. Under these circumstances, evidence admitted regarding Defendant Withington's alleged subjective intent at the time of Plaintiffs arrest may influence the jury's verdict in a manner unfairly prejudicial to the Defendant and beyond the remedy of a limiting instruction.

Accordingly, the Defendant respectfully requests exclusion of any and all such evidence and argument referencing such evidence.

## III.    <u>CONCLUSION</u>

For the reasons set forth above, and any such other and further reasons as stated orally to the Court, the Defendant, Detective Erin Withington, requests that this Honorable Court grant her motion.

Respectfully submitted,
DEFENDANT ERIN WITHINGTON
By her attorney:

<u>/s/ Helen G. Litsas</u>
MaryBeth C. Long, BBO #652840
Helen G. Litsas, BBO# 644848
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4038 (Long)
(617) 635-4023 (Litsas)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 6, 2007.


<u>/s/ Helen G. Litsas</u>
Helen G. Litsas