UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  04 CV 11948 RGS

| | |
|---|---|
| SEYED MOSHEN HOSSEINI-SEDEHY, <br>      Plaintiff <br><br> v. <br><br> ERIN WITHINGTON <br>      Defendant | |

**DEFENDANT ERIN WITHINGTON'S MOTION IN LIMINE TO
BIFURCATE THE LIABILITY AND DAMAGES PHASES OF TRIAL**

Defendant Erin Withington hereby moves in limine to bifurcate the liability and damages aspects of the trial pursuant to Fed. R. Civ. P. 42(b).  As grounds therefor, the Defendant states that the evidence on liability and damages be bifurcated because (1) testimony adduced on damages would unfairly prejudice the jury deliberations on the separate and distinct issue of liability; (2) Plaintiff's counsel will be called as a witness on the damages aspect of the case because of his criminal defense services in the Plaintiff's underlying criminal proceedings; (3) admission of Plaintiff's criminal defense attorney's bills with their self-serving narrative entries and assertions of fact would unfairly prejudice the Defendant and mislead the jury; and (4) bifurcation, including a jury-waived damages trial, would avoid this prejudice and serve the interests of judicial economy.

**A.    LIABILITY**

In this case, the Defendant, Detective Erin Withington, expects the evidence to show that Detective Withington did not violate the Plaintiff's constitutional rights. The evidence will show that based on the facts and circumstances known to Detective

1

Withington at the time she arrested the Plaintiff, she had probable cause to arrest him on charges that he committed an indecent assault and battery against another individual. Additionally, the evidence will show that a magistrate independently determined that Detective Withington had probable cause to arrest the Plaintiff on charges of indecent assault and battery. Furthermore, the Defendant contends that she is entitled to qualified immunity because, <u>inter alia</u>, her belief in the warrant application was not so lacking in indicia of probable cause as to render official belief in its existence unreasonable.

### B.   DAMAGES

The Defendant has received voluminous records relating to the attorney's fees allegedly incurred as part of the Plaintiff's criminal defense. <u>See</u> Exhibit A and B. The Plaintiff contends that he incurred $26, 880.50 in attorney's fees during the defense of his criminal charge. One criminal charge of indecent assault and battery was pending against the Plaintiff from March 22, 2004 to June 14, 2004. This charge was ultimately dismissed by the Suffolk District Attorney's Office and no criminal trial took place. The Defendant will challenge the reasonableness of the fees incurred by Plaintiff's counsel during this three month period and expects to call Plaintiff's counsel as a witness in this current action.

In addition to these attorney's fees, the Plaintiff contends that he suffered mental anguish as a result of his arrest. The Plaintiff has presented no documentary evidence in support of Plaintiff's emotional distress, but the Defendant anticipates that the Plaintiff will offer his own testimony and also elicit the testimony of his wife to support his claim.

II.     ARGUMENT

    A. **This Court Has Discretion To Birfurcate the Liability and Damages Phases of The Trial.**

The Defendant seeks to bifurcate the liability and damages phases of the trial pursuant to Fed. R. Civ. P. 42(b).  Rule 42(b) provides that the Court:

> "[I]n furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial ... of any claim ... or of any separate issues...."

The decision to bifurcate is within the discretion of this Court. Gonzalez-Marin v. Equitable Life Assur. Soc'y, 845 F.2d 1140, 1145 (1st Cir.1988).  Bifurcation is appropriate to avoid prejudice or where a single issue could be dispositive of the entire case.  9 Wright & Miller, *Federal Practice & Procedure: Civ.2d,* § 2388 (1995). Bifurcation allows the jury to concentrate on liability when liability of the defendant, as is the case here, is the primary issue before it.  See McKellar v. Clark Equip. Co., 101 F.R.D. 93, 94 (D. Me. 1984); Warner v. Rossignol, 513 F.2d 678 (1st Cir. 1975); Franklin Music Co. v. American Broadcasting Cos., Inc., 616 F.2d 528 (3d Cir. 1979); Beauchamp v. Russell, 547 F.Supp. 1191 (D. Ga. 1982); Kushner v. Hendon Constr., Inc., 81 F.R.D. 93 (D. Pa.), aff'd, 609 F.2d 502 (3d Cir. 1979).   Here,   there   is significant risk that the unfair prejudice resulting from Plaintiff's claimed criminal defense attorney's fees would obscure the liability issue and improperly invite the jury's sympathy.

### B. Bifurcation Is Warranted In This Case Because Plaintiff's Purported Damages Evidence Would Require Plaintiff's Counsel To Testify At Trial Before The Jury.

Here, Plaintiff's counsel, Gerard Butler, Esq. of the firm, Smith and Duggan, represented Plaintiff during Plaintiff's criminal defense proceedings. Plaintiff contends that he incurred $26,880.50 in criminal defense fees for this representation, which he received over a three month period on one criminal charge that did not reach the trial phase. At this civil rights trial, the Defendant will challenge the reasonableness of these excessive attorney's fees and in doing so, will call Attorney Butler as a witness. Arguably, Attorney Butler's role as a witness would present a conflict of interest issue. See Colonial Gas Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. 610, 611 -612 (D. Mass.1991). Moreover, his presence as both a witness and counsel for the Plaintiff will improperly buttress Plaintiff's testimony while simultaneously serving to prejudice Defendant Withington. Birfurcation of the damages and liability aspects of the trial, however, would provide an appropriate resolution of this issue and significantly reduce this prejudice.

Bifurcation has previously been ordered where a plaintiff's counsel would be called as a witness in the damages aspect of the trial. See, e.g. Howes v. Hitchcock, No. Civ.A. 98-10546-PBS D. Mass. 1998) ("The Court also bifurcated liability and damages because plaintiffs' counsel, who also served as their attorney at the criminal proceedings, would have to be a witness with regard to damages."). Additionally, courts have ordered bifurcation where damages evidence unfairly prejudices the jury deliberations. See Lisa v. Fourier Marine Corp., 866 F.2d 530 (1st Cir.); cert. denied, 493 U.S. 819 (1989); Kisteneff v. Tiernan, 514 F.2d 896 (1st Cir. 1975) (separate trials for liability and

4

damages in assault and battery case); <u>Easton v. City of Boulder, Colo</u>, 776 F.2d 1441, 1447 (10th Cir. 1985)(it is common practice to bifurcate liability and damage claims in negligence cases). Separate trials are especially a concern in jury cases. <u>See</u> <u>Lagudi v. Long Island R.R. Co.</u>, 775 F.Supp. 73 (E.D.N.Y. 1991). Certainly here, bifurcation is not only prefereable, but warranted. Moreover, unfair prejudice to the Defendant would also be greatly reduced if the damages aspect of the trial were jury-waived.

### C. **Bifurcation Is Also Warranted Because Admission of Plaintiff's Detailed And Highly Inflammatory Attorney's Fees Invoices Would Unfairly Prejudice the Defendant.**

The Plaintiff has offered as evidence of his damages thirty-one pages of invoices documenting Attorney Butler's legal work allegedly done on Plaintiff's behalf during Plaintiff's criminal proceedings. These invoices are far from neutral documents. Rather, these documents only serve to advocate the Plaintiff's position and allegations because beside virtually every billable entry, counsel provides a narrative description of the services he provided in pursuit of his client's claim of innocence. <u>See</u> Exhibits A, B. If admitted, such documents would improperly influence the jury and inappropriately reinforce Plaintiff's allegations. Moreover, Defendant contends that much of the work completed appears to have been done in service of Plaintiff's employer, Greyhound Exposition Services ("GES"), a client of counsel's firm, Smith and Duggan, LLP, rather than in service of Plaintiff's criminal defense. Not surprisingly, Plaintiff's employer has already paid Plaintiff's criminal defense fees. <u>See</u> Exhibit C.

The unfairly prejudicial effect the damages aspect of the case would only be reinforced by Plaintiff's testimony about his alleged emotional distress following the incident, the alleged damage to his reputation and his alleged identification as a sexual

5

predator. Unquestionably, the jury's combined and simultaneous exposure to both the liability and damages phases of the trial runs the significant risk that the jury's sympathy on the damages' aspect of his claim would negatively influence the jury's liability analysis, and thus unfairly prejudice Detective Withington.

    **D. Birfurcation Would Also Serve the Interests of Judicial Economy.**

In addition to all of the foregoing reasons, bifurcation would serve the interests of judicial economy because bifurcation would decrease the number of witnesses, documents and issues, while at the same time precluding unfair prejudice to Detective Withington.

**III.  CONCLUSION**

The Defendant, Erin Withington, respectfully requests that this Court order separate trials pursuant to Fed. R. Civ. P. 42(b) on the liability and damages phases of this case. In the words of Rule 42(b), bifurcation will "avoid prejudice" that would inevitably result here absent bifurcation.

    Respectfully submitted,
    DEFENDANT ERIN WITHINGTON
    By her attorneys:


    /s/ Helen G. Litsas
    MaryBeth C. Long, BBO #652840
    Helen G. Litsas, BBO# 644848
    Assistant Corporation Counsel
    City of Boston Law Department
    Room 615, City Hall
    Boston, MA 02201
    (617) 635-4038 (Long)
    (617) 635-4023 (Litsas)

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 6, 2007.

                                              /s/ Helen G. Litsas
                                              Helen G. Litsas