UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   04 CV 11948 RGS

SEYED MOSHEN HOSSEINI-SEDEHY,
    Plaintiff

v.

ERIN WITHINGTON
    Defendant

**DEFENDANT ERIN WITHINGTON'S MOTION IN LIMINE TO EXCLUDE ANY AND ALL EVIDENCE REGARDING THE ALLEGED CONSTITUTIONAL VIOLATION BECAUSE DEFENDANT, DETECTIVE ERIN WITHINGTON, IS ENTITLED TO QUALIFIED IMMUNITY**

Defendant Erin Withington ("Defendant" or "Detective Withington") respectfully moves this Court to exclude any and all testimony, evidence, reference, comments and/or arguments regarding Defendant Erin Withington's alleged violation of the Plaintiff's civil rights because as a matter of law, Defendant Withington is entitled to qualified immunity. It is undisputed here that the Defendant arrested the Plaintiff after she applied for and received an arrest warrant from an independent judicial magistrate.  See Exhibit A.

    **I.    DEFENDANT WITHINGTON IS ENTITLED TO QUALIFIED IMMUNITY AS A MATTER OF LAW BECAUSE DETECTIVE WITHINGTON'S ARRREST WARRANT APPLICATION INSULATES HER FROM LIABILITY.**

        **A.  The Determination of Detective Withington's Qualified Immunity Is Distinct From The Merits of The Case**.

The U.S. Supreme Court has determined that the qualified immunity analysis is separate from the merits of the case.  See Saucier v. Katz, 533 U.S. 194, 205 (2001). Equally as important, the Supreme Court has held that even where a material issue of fact remains in the merits of underlying claims, qualified immunity may be appropriate. Id. at

202.  Moreover, qualified immunity is particularly appropriate in circumstances where an officer acts pursuant to a warrant before conducting an arrest.  That is, "[o]fficers performing arrests pursuant to warrants . . . are entitled to a broad ranging qualified immunity."  Rodriques v. Furtado, 950 F.2d 805, 811-812 (1st Cir. 1991).  "[W]hen the police have acted with a warrant 'an independent determination on the issue of probable cause has already been made by a magistrate, thereby giving rise to a presumption of legality . . . .' "  U.S. v. Santana, 433 F.Supp.2d 138, 139 (D.Me. 2006), quoting 3 Wayne R. LaFave et al., Criminal Procedure § 10.3 (2d ed. 1999 & Supp.2006) (footnotes omitted).  Moreover, "searches conducted pursuant to a warrant will rarely require any deep inquiry into reasonableness ... for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." Rodriques, supra at 12 n.9, citing United States v. Leon, 468 U.S. 897, 922 (1984) (citation omitted).

### B. Detective Withington Is Entitled To Broad Ranging Qualified Immunity Because She Effected the Plaintiff's Arrest With An Arrest Warrant.

In this case, Detective Withington is entitled to "broad ranging qualified immunity" because she arrested the Plaintiff pursuant to an arrest warrant.  Even if any question arose as to the sufficiency of her warrant application she is immune from liability as a matter of law.  As the First Circuit has explained, "Applying the standard of official immunity enunciated in Harlow . . .[w]here the sufficiency of the facts fall into the grey area appropriate for judicial determination, submission of the affidavit to a magistrate will insulate the officer from liability." Rodriques, supra at 12, quoting Briggs v. Malley, 748 F.2d 715, 721 (1st Cir. 1984) (emphasis in original).

The Supreme Court has affirmed this analysis and recognized that:

> The Harlow standard is specifically designed to 'avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment,' and we believe it sufficiently serves this goal. Defendants will not be immune if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue; but if officers of reasonable competence could disagree on this issue, immunity should be recognized ... Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable will the shield of immunity be lost.

Malley v. Briggs, 475 U.S. 335, 341 (1986). "Under this analysis, it is not necessary for us to decide whether [Withington's] warrant affidavit established probable cause." Rodriques v. Furtado, 950 F.2d 805, 811-812 (1st Cir. 1991). Even if probable cause for the Plaintiff's arrest was not established, the application was not "so lacking in indicia of probable cause as to render official belief in its existence unreasonable." Id. "Only where the warrant application is so lacking in probable cause as to render official belief in its existence unreasonable will the shield of immunity be lost." Malley, supra at 345.

### C. Detective Withington's Warrant Application Was Not So Lacking In Indicia Of Probable Cause So As To Render Official Belief In Its Existence Unreasonable.

On its face, the warrant application did not lack such indicia of probable cause as to cause Detective Withington or any other reasonable officer to question the existence of probable cause. Here, Detective Withington's March 22, 2004 warrant application stated facts demonstrating that the Plaintiff committed an indecent assault and battery upon a 47-year old male victim: "Above suspect did touch the victim's buttocks and rub his covered crotch against the suspect on 1 occasion in 2003 and on Sunday, February 29, 2004 and Monday March 22, 2004 did rub the victim's arms and shoulders after being asked not to touch by the victim." See Exhibit B. Such facts sufficiently stated, and as

3

the magistrate determined, that the Plaintiff had committed an indecent assault and battery against the alleged victim. See G.L 265, § 13H.  Additionally, it is not obvious that no reasonably competent officer would have concluded that a warrant should issue under the circumstances of this case. "At the very least, 'officers of reasonable competence could disagree on this issue,' and the facts in the affidavit "fall into the grey area appropriate for judicial determination." Rodriques, supra at 12.  A reasonable police officer could have concluded that there was probable cause to believe that the Plaintiff had committed an indecent assault and battery upon the Plaintiff.

This analysis is only reinforced by the principle that when an arrest is challenged on the basis of lack of probable cause, the arrest is "deemed objectively reasonable unless there clearly was no probable cause at the time the arrest was made." Sheehy v. Town of Plymouth, 191 F.3d 15, 19 (1st Cir. 1999) (quoting Topp v. Wolkowski, 994 F.2d 45, 48 (1st Cir. 1993)).  The application of the warrant, and the facts cited therein, do not make it clear that the conduct of an officer in Detective Withington's position was unlawful. As the Supreme Court has recognized, it must have been "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202.

To the extent that the Plaintiff argues that the Defendant arrested the Plaintiff based on the allegedly "annoying" calls by the victim, this argument is unpersuasive and any evidence offered to that effect is irrelevant to the qualified immunity determination. "A plaintiff may not overcome the defense by alleging, even if fortified with evidence, that the governmental official acted in a malicious manner or in some way was improperly motivated. Evidence concerning the defendant's subjective intent is no longer relevant or part of the qualified immunity defense." Calderon-Garnier v. Sanchez-

4

Ramos, 439 F.Supp.2d 229, 239 (D. P.R. 2006), citing Harlow, 457 U.S. at 817; Crawford-El, 523 U.S. at 588; Wyatt v. Cole, 504 U.S. 158 (1992).

**II.     ADDITIONALLY, DEFENDANT WITHINGTON IS ENTITLED TO QUALIFIED IMMUNITY AS A MATTER OF LAW BECAUSE IT IS NOT ABSOLUTELY CLEAR THAT NO PROBABLE CAUSE EXISTED.**

As long as probable cause reasonably exists on the facts, qualified immunity must not be denied unless it is *absolutely clear* that no probable cause existed at the time of the arrest. See Sheehy v. Town of Plymouth, 191 F.3d 15, 19 (1st Cir. 1999) (quoting Floyd v. Farrell, 765 F.2d 1, 5 (1st Cir. 1985)). In this case it is not absolutely clear that no probable cause existed; in fact, probable cause reasonably exists on the facts. DefendantWithington's actions in this case are, at the very least, arguably justified, and thus, even if mistaken, she is entitled to qualified immunity. Roy v. Inhabitants of City of Lewiston, 42 F.3d 691, 695-696 (1st Cir. 1994); Floyd v. Farrell, 765 F.2d 1, 5 (1st Cir. 1985).

Accordingly, for all of the foregoing reasons and any others stated orally to the Court, the Defendant requests that this Court grant its motion.

> Respectfully submitted,
> DEFENDANT ERIN WITHINGTON
> By her attorneys:
>
>
> /s/ Helen G. Litsas
> MaryBeth C. Long, BBO #652840
> Helen G. Litsas, BBO# 644848
> Assistant Corporation Counsel
> City of Boston Law Department
> Room 615, City Hall
> Boston, MA 02201
> (617) 635-4038 (Long)
> (617) 635-4023 (Litsas)

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 6, 2007.

                                     /s/ Helen G. Litsas
                                     Helen G. Litsas