UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEYED MOHSEN HOSSEINI-SEDEHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ERIN T. WITHINGTON ) | Civil Action No. 04-cv-11948-RGS |
| and CITY OF BOSTON, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE ALL EVIDENCE REGARDING FACTS NOT KNOWN TO THE
DEFENDANT AT THE TIME OF THE PLAINTIFF'S ARREST**

The Court should deny the Defendant's motion to exclude certain facts because they were allegedly unknown to the Defendant at the time of the arrest because these facts: (1) were known to the Defendant before she arrested Mr. Hosseini; (2) are relevant to Mr. Hosseini's damages, if not the Defendant's liability; or, (3) will not be introduced at trial.

*Evidence in Defendant's Possession*

When the Defendant arrested Mr. Hosseini, she was aware that the Teamster had a criminal past[1]. In fact, she admitted in her deposition that she was aware when she spoke with the Teamster that he "had problems with the police before . . . as a suspect." However, the Defendant did profess that she was unaware of the Teamster's specific criminal convictions. The fact that the Defendant knew that the Teamster had a criminal background when she arrested Mr.

Hosseini should not be excluded because it is relevant whether the Defendant had reasonably trustworthy information to warrant a prudent person in believing that Mr. Hosseini committed a crime. *Rivera v. Murphy*, 979 F.2d 259, 263 (1st Cir. 1992).

The Defendant was also aware of the Teamster's work performance before she arrested Mr. Hosseini. When the Defendant interviewed Mr. Hosseini, he explained that the Teamster was a problem worker. Mr. Hosseini told her that when the Teamster was caught doing something inappropriate at work, the Teamster became loud in order to distract attention from his wrongdoing. Mr. Hosseini explained that he once grabbed the Teamster by the shoulders when the Teamster was engaged in work misconduct. The evidence concerning the Teamster's problems at work is probative to the issue of probable cause and should not be excluded.

### *Evidence of the Plaintiff's Damages*

The Defendant seeks to exclude all reference to the evidence or documents provided to the Suffolk County District Attorney's Office because it is not relevant to the issue of probable cause. However, this evidence is probative of the damages Mr. Hosseini suffered. Mr. Hosseini's counsel was forced to perform considerable work to get the criminal case dismissed because the Defendant would not cooperate with the assistant district attorney. Evidence of the amount of evidence produced to the assistant district attorney is relevant to the Plaintiff's damages and should be allowed into evidence.

---

[1] Rather than repeat the facts of the case, Mr. Hosseini incorporates herein the Background section of his Opposition to the Defendant's Motion to Exclude Evidence From the Suffolk County District Attorney.

*Evidence Not to be Offered*

Mr. Hosseini does not intend to offer evidence that the Teamster was collecting disability benefits while he was collecting unemployment compensation. Also, he will not offer evidence that the Teamster filed a work grievance.

**CONCLUSION**

Mr. Hosseini respectfully asks the Court to deny the Defendant's motion to exclude evidence not known to the Defendant at the time of the arrest.

 

Respectfully submitted,
Seyed Mohsen Hosseini-Sedehy
By his attorneys,


/s/ Gerard A. Butler, Jr.
Gerard A. Butler, Jr.
BBO # 557176
Christopher A. Duggan
BBO # 544150
Smith & Duggan LLP
Lincoln North
55 Old Bedford Road
Lincoln, MA 01773-1125
(617) 228-4400

Date:  February 9, 2007

## CERTIFICATE OF SERVICE

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 9, 2007.