UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SEYED MOHSEN HOSSEINI-SEDEHY, )
)
Plaintiff, )
)
v. )
)
ERIN T. WITHINGTON ) Civil Action No. 04-cv-11948-RGS
and CITY OF BOSTON, )
)
Defendants. )

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF FALSE DATE ON THE WARRANT APPLICATION**

The Court should deny the Defendant's motion to exclude the fact that she knowingly provided the Court with a false date of offense in order to secure an arrest warrant because such evidence is probative concerning punitive damages[1].

"A jury may be permitted to award punitive damages in a §1983 action when the defendant's conduct is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Bisbal-Ramos v. City of Mayaguez*, 467 F.3d 16, 25 (1st Cir. 2006) quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983). "Thus, the inquiry should focus on the acting party's state of mind, and the central question is whether the defendant acted in the face of a perceived risk that her action would violate federal law." *Powell v. Alexander*, 391 F.3d 1, 15 (1st Cir. 2004) (citations omitted.)

---

[1] Rather than repeat the facts of the case, Mr. Hosseini incorporates herein the Background section of his Opposition to the Defendant's Motion to Exclude Evidence From the Suffolk County District Attorney.

At the time of the arrest, the Defendant knew that the Teamster had a criminal past, could not or would not provide her with a date for the alleged offense, could not explain why he waited one year to complain about the alleged assault, and refused to provide the Defendant with names of witnesses. When the Defendant contacted the Teamster's union president, he told the Defendant that he did not want to get involved with the Teamster's "bullshit." The Defendant spoke to the Plaintiff, who told her that the Teamster was a problem at work. Additionally, the Teamster was calling so often, the Defendant was receiving pressure from her supervisor to do something about the Teamster. When the Teamster finally did provide the name of a witness to the alleged assault, the alleged witness, a former New York City police officer, told the Defendant that he witnessed nothing like what the Teamster claimed.

However, the incessant phone calls from the Teamster continued. Finally, the Defendant decided to arrest Mr. Hosseini as a way to stop the Teamster from calling her. In order to obtain the warrant, the Detective knowingly provided a date of December 22, 2003, instead of advising the magistrate that the Teamster actually claimed the offense occurred about one year prior to that date. After obtaining the warrant and arresting Mr. Hosseini, the Defendant admitted to the assistant district attorney that she "filed the report based solely on the persistent phone calls of [the Teamster] and has no further evidence to support his claim."

The Defendant's filing of a false date of offense is evidence that her conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of Mr. Hosseini. Thus, the evidence of filing the false date is probative of punitive damages and should be admitted.

-3-

**CONCLUSION**

Mr. Hosseini respectfully asks the Court to deny the Defendant's motion to exclude evidence that the Defendant knowingly provided a false date for the warrant application.

                    Respectfully submitted,
                    Seyed Mohsen Hosseini-Sedehy
                    By his attorneys,

                    /s/ Gerard A. Butler, Jr.
                    Gerard A. Butler, Jr.
                    BBO # 557176
                    Christopher A. Duggan
                    BBO # 544150
                    Smith & Duggan LLP
                    Lincoln North
                    55 Old Bedford Road
                    Lincoln, MA 01773-1125
                    (617) 228-4400

Date:  February 9, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 9, 2007.