UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEYED MOHSEN HOSSEINI-SEDEHY,<br><br>Plaintiff,<br><br>v.<br><br>ERIN T. WITHINGTON<br>and CITY OF BOSTON,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 04-cv-11948-RGS<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF HER SUBJECTIVE INTENT**

The Court should deny the Defendant's motion to exclude evidence of her subjective intent because such evidence is probative concerning punitive damages[1]. The Plaintiff claims that her subjective intent is not relevant to any issue at trial. However, in determining punitive damages the Defendant's state of mind is relevant.

"A jury may be permitted to award punitive damages in a §1983 action when the defendant's conduct is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Bisbal-Ramos v. City of Mayaguez*, 467 F.3d 16, 25 (1st Cir. 2006) quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983). "Thus, the inquiry should focus on the acting party's state of mind, and the central question is

---

[1] Rather than repeat the facts of the case, Mr. Hosseini incorporates herein the Background section of his Opposition to the Defendant's Motion to Exclude Evidence From the Suffolk County District Attorney.

whether the defendant acted in the face of a perceived risk that her action would violate federal law." *Powell v. Alexander*, 391 F.3d 1, 15 (1st Cir. 2004) (citations omitted.)

As stated in the Opposition to Defendant's Motion to Exclude the False Date on the Warrant Application, at the time of the arrest, the Defendant knew that the Teamster had a criminal past, could not or would not provide her with a date for the alleged offense, could not explain why he waited one year to complain about the alleged assault, and refused to provide the Defendant with names of witnesses. When the Defendant contacted the Teamster's union president, he told the Defendant that he did not want to get involved with the Teamster's "bullshit." The Defendant spoke to the Plaintiff, who told her that the Teamster was a problem at work. Additionally, the Teamster was calling so often, the Defendant was receiving pressure from her supervisor to do something about the Teamster. When the Teamster finally did provide the name of a witness to the alleged assault, the alleged witness, a former New York City police officer, told the Defendant that he witnessed nothing like what the Teamster claimed.

However, the incessant phone calls from the Teamster continued. Finally, the Defendant decided to arrest Mr. Hosseini as a way to stop the Teamster from calling her. In order to obtain the warrant, the Detective knowingly provided a date of December 22, 2003, instead of advising the magistrate that the Teamster actually claimed the offense occurred about one year prior to that date. After obtaining the warrant and arresting Mr. Hosseini, the Defendant admitted to the assistant district attorney that she "filed the report based solely on the persistent phone calls of [the Teamster] and has no further evidence to support his claim."

The Defendant's subjective intent, specifically her intent to arrest the Plaintiff based solely on the persistent phone calls of the Teamster in order to stop the Teamster from calling her is evidence that her conduct was motivated by evil motive or intent, or involved reckless or

callous indifference to the federally protected rights of Mr. Hosseini. Thus, the evidence of the Defendant's subjective intent is probative of punitive damages and should be admitted.

**CONCLUSION**

Mr. Hosseini respectfully asks the Court to deny the Defendant's motion to exclude evidence of her subjective intent.

                                      Respectfully submitted,
                                      Seyed Mohsen Hosseini-Sedehy
                                      By his attorneys,

                                      /s/ Gerard A. Butler, Jr.
                                      Gerard A. Butler, Jr.
                                      BBO # 557176
                                      Christopher A. Duggan
                                      BBO # 544150
                                      Smith & Duggan LLP
                                      Lincoln North
                                      55 Old Bedford Road
                                      Lincoln, MA 01773-1125
                                      (617) 228-4400

Date:   February 9, 2007

## CERTIFICATE OF SERVICE

     I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 9, 2007.