UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SEYED MOHSEN HOSSEINI-SEDEHY, )
  )
   Plaintiff, )
  )
v. )
  )
ERIN T. WITHINGTON ) Civil Action No. 04-cv-11948-RGS
and CITY OF BOSTON, )
  )
   Defendants. )

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE
TO BIFURCATE THE LIABILITY AND DAMAGES PHASES OF TRIAL**

The Court should deny the Defendant's motion to bifurcate the liability and damages phases at trial because it would not be in the interests of judicial economy to have two jury trials where the evidence for each phase will overlap[1]. The Plaintiff claims that there will be separate and distinct evidence for each of the two phases. For the most part, this will not be true.

Most of the evidence in this case will be introduced in the first trial should the court bifurcate the issues for trial. The Defendant will claim at trial that the Teamster called her daily and claimed that "he was still being sexually assaulted on almost a daily basis by Mr. Hosseini." Mr. Hosseini's position is that the Defendant "filed the report based solely on the persistent phone calls of [the Teamster] and ha[d] no further evidence to support his claim." The parties will undoubtedly introduce (or attempt to do so) the Defendant's statements to

---

[1] Rather than repeat the facts of the case, Mr. Hosseini incorporates herein the Background section of his Opposition to the Defendant's Motion to Exclude Evidence From the Suffolk County District Attorney.

impeach her with prior inconsistent statements or to rebut the inference of a recent fabrication. For certain, the evidence relevant for liability is different than that for punitive damages. However, the evidence introduced for the liability phase will largely (although not entirely) be the same evidence offered in the damages phase, but for a different purpose. Additionally, the Plaintiff does not wish to waive his right to a jury trial as the Defendant has suggested[2].

**CONCLUSION**

Mr. Hosseini respectfully asks the Court to deny the Defendant's motion to bifurcate the liability and damages phases of the trial.

>Respectfully submitted,
>Seyed Mohsen Hosseini-Sedehy
>By his attorneys,
>
>/s/ Gerard A. Butler, Jr.
>Gerard A. Butler, Jr.
>BBO # 557176
>Christopher A. Duggan
>BBO # 544150
>Smith & Duggan LLP
>Lincoln North
>55 Old Bedford Road
>Lincoln, MA 01773-1125
>(617) 228-4400

Date:  February 9, 2007

---

[2] Mr. Hosseini also objects to the Defendant calling his counsel as a witness. The Defendant did not notify Mr. Hosseini of her intent to call his counsel until three days ago.

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 9, 2007.