UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEYED MOHSEN HOSSEINI-SEDEHY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ERIN T. WITHINGTON )<br>and CITY OF BOSTON, )<br>)<br>Defendants. )<br>) | Civil Action No. 04-cv-11948-RGS |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF CONSTITUTIONAL VIOLATION BECAUSE OF QUALIFIED IMMUNITY**

The Defendant contends that she is entitled to qualified immunity because her application for complaint was not so lacking in indicia of probable cause as to render official belief in its existence unreasonable. *Rodriques v. Furtado*, 950 F.2d 805, 811-812 (1st Cir. 1991). However, this argument is, in essence, that the act of applying for a warrant is *per se* objectively reasonable, which has been rejected by the Supreme Court. *Malley v. Briggs,* 475 U.S. 335, 345 (1986). The Defendant's motion should, therefore, be denied.

**BACKGROUND**

On March 22, 2004, the Defendant appeared before a magistrate of the Boston Municipal Court with an application for complaint. The application merely concluded that the Plaintiff "did touch the victim's buttocks and rub his covered crotch against the suspect (*sic*) on 1 occasion in 2003 and on Sunday February 29, 2004 and Monday, March 22, 2004 did rub the victim's arms and shoulders after being asked not to touch him by the victim." The application for complaint

failed to identify the name of the alleged victim, the source of the information, the veracity of the source, or the evidence from which the conclusions were drawn.

**ARGUMENT**

In the context of a qualified immunity analysis, the Supreme Court has specifically rejected the proposition that a police officer is "shielded from damages liability because the act of applying for a warrant is *per se* objectively reasonable, provided that the officer believes that the facts alleged in his affidavit are true." *Malley,* 475 U.S. at 345 (1986). However, "an officer who conducts an arrest pursuant to a warrant is liable only 'where the officer should have known that the facts recited in the affidavit did not constitute probable cause.'" *Abreu-Guzman v. Ford,* 241 F.3d 69, 73 (1st Cir. 2001), quoting *Rodriques,* 950 F.2d at 812 (1st Cir. 1991).

Here, the Defendant should have known that the facts recited in the application for complaint did not constitute probable cause. Probable cause "exists if 'the facts and circumstances within the relevant actors' knowledge and of which they had reasonably reliable information' would suffice to 'warrant a prudent person in believing' that a person has committed or is about to commit a crime." *Burke v. Town of Walpole*, 405 F.3d 66, 80 (1st Cir. 2005), quoting *Roche v. John Hancock Mut.Life Ins. Co.*, 81 F.3d 249, 254 (1st Cir. 1996). "Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). A magistrate must decide whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, whether a warrant should issue. *Id.* at 239.

Plainly, the application for complaint was nothing more than a bare conclusion that the Plaintiff committed a crime sometime in the past[1]. Moreover, there was no evidence *whatsoever* presented in the application for complaint regarding either the veracity or the basis of knowledge of the informant. The defendant clearly should have known that probable cause did not exist because without a reasonably reliable informant or any facts and circumstances concerning the allegation a prudent person would not have been warranted in believing that the Plaintiff had committed a crime.

### CONCLUSION

The Court should deny the Defendant's motion to exclude evidence of a constitutional violation because the Defendant is not entitled to qualified immunity where she should have known that the facts recited in the application for complaint did not constitute probable cause.

Respectfully submitted,
Seyed Mohsen Hosseini-Sedehy
By his attorneys,

/s/ Gerard A. Butler, Jr.
Gerard A. Butler, Jr.
BBO # 557176
Christopher A. Duggan
BBO # 544150
Smith & Duggan LLP
Lincoln North
55 Old Bedford Road
Lincoln, MA 01773-1125
(617) 228-4400

Date:   February 9, 2007

---

[1] During her deposition, the Defendant admitted that she identified the date of offense as December 22, 2003 even though she knew it was incorrect.

-4-

## CERTIFICATE OF SERVICE

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 9, 2007.