UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  04 CV 11948 RGS

SEYED MOHSEN HOSSEINI-SEDEHY,
    Plaintiff

v.

ERIN WITHINGTON
    Defendant

### DEFENDANT ERIN WITHINGTON'S TRIAL MEMORANDUM-AMENDED

**1.**    **SUMMARY OF THE DEFENDANTS' EXPECTED EVIDENCE**

    **1. Procedural Background**

In his Complaint, the Plaintiff alleged claims against the Defendant, Erin Withington, and the Defendant, City of Boston.  On June 24, 2005, this Court dismissed the Plaintiff's Monell claim against the City, based on the City's representation that it would make good on any adverse judgment.  The Defendant, City of Boston, however, notes that it is prohibited by law to pay any punitive damages award.  The only viable claim, therefore, at trial is the Plaintiff's claim against the individual defendant, Defendant Withington.  This count alleges that the Plaintiff was deprived of his right to be free from unreasonable searches and seizures in violation of 42 U.S.C. §1983 and his Fourth Amendment rights as guaranteed by the United States Constitution.

    **2. Defendant's Statement of Expected Evidence**:  Defendant Withington expects the evidence to establish that at no point did she violate the Plaintiff's constitutional rights. The Defendant, Detective Erin Withington, expects the evidence to show that at no point did Detective Withington violate the Plaintiff's constitutional rights. The evidence will show that based on the facts and circumstances known to Detective Withington at the time she arrested the

Plaintiff, she had probable cause to arrest him on charges that he committed an indecent sexual assault against another individual. Additionally, the evidence will show that a magistrate also independently determined that Detective Withington had probable cause to arrest the Plaintiff on charges of indecent assault and battery. Furthermore, the Defendant contends that she is entitled to qualified immunity because, <u>inter alia</u>, her belief in the warrant application was not so lacking in indicia of probable cause as to render official belief in its existence unreasonable. On the basis of qualified immunity, Plaintiff's claim against Defendant Withington should be dismissed prior to trial.

**2.    AGREED TO FACTS**
The parties have not agreed to any facts at this time.

**4.    JURISDICTIONAL QUESTIONS**
None.

**5.    QUESTIONS RAISED BY PENDING MOTIONS**

As set forth below, several evidentiary issues have been raised by the Defendant's motions in limine. Also, the Defendant has requested that this Court bifurcate the liability and damages phases of this trial. Additionally, the Defendant contends that she is entitled to qualified immunity.

**6.    ISSUES OF LAW**
1. Whether the Plaintiff, Seyed Mohsen Hosseini-Sedehy, has proven by a preponderance of the evidence that Defendant Detective Erin Withington violated his rights under the United States Constitution by arresting him without probable cause (probable cause meaning that the facts and circumstances within the officer(s) knowledge at the time and of

which he had trustworthy information were sufficient to warrant a prudent person to believe that

the Plaintiff had committed an offense)?

2. Whether Defendant, Detective Erin Withington, is entitled to qualified immunity?

**7.  REQUESTED AMENDMENTS TO THE PLEADINGS**

There are no requested amendments to the pleadings at this time.

**8.  ADDITIONAL MATTERS IN AID OF DISPOSITION**

None.

**9.  PROBABLE LENGTH OF TRIAL**

The Defendants estimate 3-4 days.

**10.  NAMES AND ADDRESSES OF DEFENDANTS' WITNESSES AND TIME NEEDED**

**Detective Erin Withington – Defendant**
Boston Police Department
1 Schroeder Plaza
Boston, MA 02120
617-343-4500

**Detective Thomas Lembo**
Boston Police Department
1 Schroeder Plaza
Boston, MA 02120
617-343-4500

**Detective Allison Berry**
Boston Police Department
1 Schroeder Plaza
Boston, MA 02120
617-343-4500

**Diane Harvey**
Boston Police Department
1 Schroeder Plaza

3

Boston, MA 02120
617-343-4500

**Athena Yegenarian**
Boston Police Department
1 Schroeder Plaza
Boston, MA 02120
617-343-4500

**Joseph Bavis**
138 Athens Street
South Boston, MA 02127

**Gerard Butler, Esq.**
Smith & Duggan LLP
55 Old Bedford Road
Lincoln, MA  01773-1125

Defendants reserve the right to call additional witnesses for purposes of rebuttal, to call any of the witnesses listed herein by the Plaintiff in their case in chief, and to make timely supplements to this listing.

**11.    JOINT EXHIBITS-NO AGREEMENT**

The parties have not reached any agreement as to any exhibits.  The Defendant objects to all of the Plaintiff's proposed exhibits, the Arrest Warrant and Application, the Boston Police Incident Reports, Detective Withington's Follow-up and Case Narrative Reports, and the Affidavit of Timothy Pomarole from the District Attorney's Office.  Such documents constitute hearsay and are inadmissible. Additionally, Defendants reserve the right to make a timely supplement to this list.

**12.    MOTIONS IN LIMINE**

   1.    Motion in Limine to Exclude Any and All Evidence Regarding Facts Not Known to Defendant Erin Withington At The Time Of Plaintiff's Arrest

4

2. Motion In Limine To Exclude Any and All Evidence Regarding The Alleged Subjective Intent of Detective Withington At The Time Of The Plaintiff's Arrest

3. Motion In Limine to Exclude the Testimony of the Suffolk District Attorney's Office and Any and All Evidence Regarding the Outcome of The Plaintiff's Criminal Case

4. Motion in Limine to Exclude Any and All Evidence Regarding Detective Withington's Allegedly "False" Statement Regarding the Date of the Offense In the Arrest Warrant Application

5. Motion in Limine to Bifurcate the Liability and Damages Phase of the Trial

6. Motion in Limine to Exclude All Evidence Regarding the Plaintiff's Alleged Constitutional Violation Because Detective Withington Is Entitled to Qualified Immunity

Defendants reserve their right to supplement this answer.

Respectfully submitted,
DEFENDANT ERIN WITHINGTON
By her attorneys:


/s/ Helen G. Litsas
MaryBeth C. Long, BBO #652840
Helen G. Litsas, BBO# 644848
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4038 (Long)
(617) 635-4023 (Litsas)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 9, 2007.


/s/ Helen G. Litsas
Helen G. Litsas