UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   04 CV 11948 RGS

SEYED MOHSEN HOSSEINI-
SEDEHY,
    Plaintiff

v.

ERIN WITHINGTON
    Defendant

**DEFENDANT ERIN WITHINGTON'S MOTION FOR JUDGMENT AS A MATTER OF LAW AT CLOSE OF PLAINTIFF'S EVIDENCE**

    Now comes the Defendant, Erin Withington, pursuant to Fed.R.Civ.P.50(a) and moves for judgment as a matter of law in his favor as to all claims against her.

    As grounds therefore, Defendant Robert Dunford states:

**I.    THERE IS INSUFFICIENT EVIDENCE THAT DEFENDANT ERIN WITHINGTON VIOLATED THE PLAINTIFF'S CONSTITUTIONAL RIGHTS.**

    1.    An arrest is a seizure of a person under the Fourth Amendment. See Robbins v. California, 453 U.S. 420, 451 (1981).

    2.    In order for Defendant Withington to have violated Plaintiff's Fourth Amendment right to be free from an unreasonable seizure, she would have had to *unreasonably* seize Plaintiff. See Anderson v. Creighton, 483 U.S. 635, 643 (1987). Unreasonable in this instance means arrest without probable cause. See Rivera v. Murphy, 979 F.2d 259, 263 (1st Cir. 1992); Santiago v. Fenton, 891 F.2d 373, 383 (1st Cir. 1989) (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)).

    4.    The evidence establishes that Defendant Withington arrested the Plaintiff based on the probable cause that the Plaintiff committed an indecent assault and battery against the

1

victim, Joseph Bavis. Detective Withington of the Boston Police Sexual Assault Unit testified that on December 22, 2003, she interviewed the victim, Joe Bavis, and determined that he provided a credible allegation. During the interview, he stated that he was a Teamster who worked out of the Hynes Convention Center, he identified the Plaintiff as his boss, Mohsen, and stated that on numerous occasions, when he bent over, the Plaintiff would walk by him so the front of the Plaintiff's groin would rub against his buttocks as he walked by. Of the most egregious incidents he described was a loading dock incident which occurred sometime between late 2002 and early 2003. The victim reported that during this incident on the loading dock, the Plaintiff grabbed him by the buttocks, pulled him forward, ground his crotch against the victim's groin area, and then kissed him on the cheek. The victim also reported that he had attempted to remedy the situation with management and through his union, but that nothing had been done. He also stated that his employer had advised him that if he reported this loading dock incident, he would be fired. Additionally, the victim also was forthcoming about his criminal record and stated that he was reporting this incident to use lawful means to remedy the situation as opposed to using physical means.

Additionally, as part of her investigation, Detective Withington also interviewed the Plaintiff. During this interview, the Plaintiff himself corroborated part of the victim's story, volunteering that in the fall of 2002 he had touched the victim on his shoulders and upper arms on the loading dock. This touching, the Plaintiff acknowledged, caused the victim, to shake and yell. Also, over a period of time, the victim reported that the touching continued unabated and on March 22, 2004, he contacted the Detective upset by the Plaintiff's continued inappropriate touching that day. He advised Detective Withington that the Plaintiff's conduct had continued

and that on that day, while he was at work, the Plaintiff had rubbed his arms and rubbed up against him. He also apprised her of other interactions he had with the Plaintiff.

On March 22, 2004, Detective Withington reported this information to the clerk magistrate and explained that the victim could not recall the exact date of the incident, and accordingly assigned a time period of when the loading dock incident occurred. She filed a criminal complaint against the Plaintiff on charges of indecent assault and battery against the victim and received an arrest warrant for the Plaintiff from the Boston Municipal Court.

The information known to Defendant Withington at the time of the Plaintiff's arrest, along with the arrest warrant, was therefore sufficient to warrant him, as a prudent police officer, in believing that the Plaintiff had committed an indecent assault and battery against the victim.

## II. DEFENDANT WITHINGTON'S ACTIONS WERE REASONABLE AND PROTECTED BY QUALIFIED IMMUNITY.

In this case, Detective Withington is entitled to "broad ranging qualified immunity" because she arrested the Plaintiff pursuant to an arrest warrant. Even if any question arose as to the sufficiency of her warrant application she is immune from liability as a matter of law. As the First Circuit has explained, "Applying the standard of official immunity enunciated in Harlow . . .[w]here the sufficiency of the facts fall into the grey area appropriate for judicial determination, submission of the affidavit to a magistrate will insulate the officer from liability." Rodriques, supra at 12, quoting Briggs v. Malley, 748 F.2d 715, 721 (1st Cir. 1984) (emphasis in original).

On its face, the warrant application did not lack such indicia of probable cause as to cause Detective Withington or any other reasonable officer to question the existence of probable cause. Here, Detective Withington's March 22, 2004 warrant application stated facts demonstrating that the Plaintiff committed an indecent assault and battery upon a 47-year old

3

male victim: "Above suspect did touch the victim's buttocks and rub his covered crotch against the suspect on 1 occasion in 2003 and on Sunday, February 29, 2004 and Monday March 22, 2004 did rub the victim's arms and shoulders after being asked not to touch by the victim." See Exhibit B.  Such facts sufficiently stated, and as the magistrate determined, that the Plaintiff had committed an indecent assault and battery against the alleged victim. See G.L 265, § 13H.  She also provided the magistrate with a police incident report regarding the victim's complaint.  It is not obvious that no reasonably competent officer would have concluded that a warrant should issue under the circumstances of this case. "At the very least, 'officers of reasonable competence could disagree on this issue,' and the facts in the affidavit "fall into the grey area appropriate for judicial determination."  Rodriques, supra at 12.  A reasonable police officer could have concluded that there was probable cause to believe that the Plaintiff had committed an indecent assault and battery upon the Plaintiff.

This analysis is only reinforced by the principle that when an arrest is challenged on the basis of lack of probable cause, the arrest is "deemed objectively reasonable unless there clearly was no probable cause at the time the arrest was made." Sheehy v. Town of Plymouth, 191 F.3d 15, 19 (1st Cir. 1999) (quoting Topp v. Wolkowski, 994 F.2d 45, 48 (1st Cir. 1993)).  The application of the warrant, and the facts cited therein, do not make it clear that the conduct of an officer in Detective Withington's position was unlawful.  As the Supreme Court has recognized, it must have been "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202.

To the extent that the Plaintiff argues that the Defendant arrested the Plaintiff based on the allegedly "annoying" calls by the victim, this argument is unpersuasive and any evidence offered to that effect is irrelevant to the qualified immunity determination.  "A plaintiff may not

4

overcome the defense by alleging, even if fortified with evidence, that the governmental official acted in a malicious manner or in some way was improperly motivated. Evidence concerning the defendant's subjective intent is no longer relevant or part of the qualified immunity defense." Calderon-Garnier v. Sanchez-Ramos, 439 F.Supp.2d 229, 239 (D. P.R. 2006), citing Harlow, 457 U.S. at 817; Crawford-El, 523 U.S. at 588; Wyatt v. Cole, 504 U.S. 158 (1992).

    II.    **ADDITIONALLY, DEFENDANT WITHINGTON IS ENTITLED TO QUALIFIED IMMUNITY AS A MATTER OF LAW BECAUSE IT IS NOT ABSOLUTELY CLEAR THAT NO PROBABLE CAUSE EXISTED.**

As long as probable cause reasonably exists on the facts, qualified immunity must not be denied unless it is *absolutely clear* that no probable cause existed at the time of the arrest. See Sheehy v. Town of Plymouth, 191 F.3d 15, 19 (1st Cir. 1999) (quoting Floyd v. Farrell, 765 F.2d 1, 5 (1st Cir. 1985)). In this case it is not absolutely clear that no probable cause existed; in fact, probable cause reasonably exists on the facts. DefendantWithington's actions in this case are, at the very least, arguably justified, and thus, even if mistaken, she is entitled to qualified immunity. Roy v. Inhabitants of City of Lewiston, 42 F.3d 691, 695-696 (1st Cir. 1994); Floyd v. Farrell, 765 F.2d 1, 5 (1st Cir. 1985).

As discussed supra, the facts of this case establish that Detective Withington had probable cause to arrest the Plaintiff. Defendant Withington Dunford acted as a reasonable officer because his conduct neither rose to the level of gross incompetence nor a deliberate, knowing violation of the law. There is sufficient evidence to prove that Defendant Withington acted reasonably based on the circumstances surrounding the Plaintiff's arrest.

*Wherefore*, it is respectfully requested that the within motion be allowed and a verdict granted for the defendant on all counts.

Respectfully submitted,
DEFENDANT ERIN WITHINGTON
By her attorney:


/s/ Helen G. Litsas
MaryBeth C. Long, BBO #652840
Helen G. Litsas, BBO# 644848
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4038 (Long)
(617) 635-4023 (Litsas)